ROBERT H. FISHER et al., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

Under the provisions of the act of 1813, "to reduce several acts relating particularly to the city of New York to one act" (§ 83, chap. 86, Revised Laws of 1813), the omission of the city corporation to pay an award for land taken for widening a street, within four months after confirmation of the report of the commissioners of estimate and assessment, does not alone give a right of action for its recovery; there must be in addition an application to the city for payment after the expiration of the four months, by the party entitled thereto.

The statute of limitations, therefore, does not commence to run against such a cause of action until application is so made.

Under said act, until the confirmation of the report of said commissioners, no lien is created by the proceedings upon land assessed.

The inability to find an order of confirmation is not conclusive evidence that no such order was made. It is competent to establish it by other proof.

It *seems*, that an entry made by the corporation attorney, in his register, of the making of such order is, after his death, admissible to prove that fact.

A copy, however, of an entry made in the register of an attorney, whose death is not proved, is not competent.

As to an assessment made under said act, prior to the Code, a presumption of payment, attached after twenty years from the entry of the order of confirmation, which presumption can only be rebutted by proof of actual payment of a portion thereof within twenty years, or by a written acknowledgment of indebtedness or liability; proof that the assessment has not, in fact, been paid does not rebut the statutory presumption.

*Fisher* v. *The Mayor, etc.* (3 Hun 64) reversed.

(Argued September 26, 1876; decided October 3, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 3 Hun, 64.)

This action was brought to recover a balance alleged to be due upon an award made in 1860 for lands of plaintiffs, taken for the widening of Worth street, in the city of New York. The answer set up the statute of limitations, and also set up an unpaid assessment upon the premises, to the amount of the balance unpaid of the award imposed upon the same lands for widening Center street. Plaintiffs replied, among other things, denying that said assessment remained due and unpaid, and alleging that the then owner of the premises paid the same, but that it was illegally assessed, and after its illegality was discovered, defendant voluntarily returned and refunded the amount so paid.

The facts are sufficiently set forth in the opinion.

*Philip S. Crooke* for the appellants. Plaintiff's claim was not barred by time. (Laws 1860, chap. 379 ; Laws 1868, p. 2022 ; 47 N. Y., 519.) The assessment of 1837 was barred by time. (2 Greenl. Ev., 528 ; 1 id., 39 ; *Dambman* v. *Schulting*, 4 Hun, 50 ; *Bates* v. *Rosencrans*, 37 N. Y., 409 ; *Devlin* v. *Bevins*, 22 How. Pr., 209.)

*D. J. Dean* for the respondent. The assessment of 1837 was not barred by time. (*Stewart* v. *Smith*, 14 Abb., 75 ;

*Henderson* v. *Henderson*, 3 Den., 314; *Pattison* v. *Taylor*, 8 Barb., 250; *Mayor* v. *Colgate*, 2 Kern., 148, 157; *Heyer* v. *Pruyn*, 7 Paige, 456; *Wilcox* v. *Fitch*, 20 J. R., 472.) The action was barred by the statute of limitations. (Code, § 91; *Lake* v. *Trustees of Wmsburgh*, 4 Den., 520; *McCullach* v. *Mayor, etc.*, 23 Wend., 458; *Richardson* v. *City of Brooklyn*, 34 Barb., 570; *Beard* v. *City of Brooklyn*, 31 id., 142; *Hunt* v. *Utica*, 8 N. Y., 442; *Buck* v. *Lockport*, 6 Lans., 251.)

ANDREWS, J. The cause of action to recover the balance of the award for land of the plaintiff's taken for the widening of Worth street, was not barred by the statute. The report of the commissioners of estimate and assessment was confirmed September 27, 1860, and this action was commenced December 22, 1869. By section 83 of chapter 86 of the Laws of 1813, it is made the duty of the mayor, aldermen and commonalty, within four calendar months after the confirmation of the report of the commissioners, to pay the awards made, and in case of neglect or default of payment within that time, it is declared that the "respective person or persons, or party or parties, in whose favor the same shall be so reported, his, her, or their executors, administrators or successors, at any time or times, *after application first made* by him, her or them, to the mayor, aldermen and commonalty, in common council convened, for payment thereof, may sue for and recover the same with lawful interest, from and after the said application therefor."

The omission of the mayor, aldermen and commonalty to pay an award within four months after the confirmation of the report, does not alone give a right of action for its recovery. There must, in addition, have been an application to the city for payment, after the expiration of the four months, by the party entitled, before the right of action accrues. This is the plain reading of the statute, and the object of the provision requiring application for payment to be first made was to afford the city an opportunity, after its attention had by a demand been particularly called to the subject, to pay the award without being subjected to the costs of litigation.

The demand in this case was not made until a short time before the commencement of the action, and the statute of limitations is not a defence to the plaintiff's claim.

The city, in addition to the statute of limitations, interposed as a defence a right to retain the unpaid balance of the award to satisfy a lien alleged to exist in its favor upon the same land for an assessment made in 1837 for benefits in the matter of widening and extending Center street. It was shown by records produced from the files of the clerk's office that proceedings were instituted in 1835 by the mayor, aldermen and commonalty under the act of 1813, and other statutes on the same subject, to widen and extend Center street. The court, upon petition duly made, appointed commissioners of estimate and assessment who took the steps required by the act, and made their report January 4, 1837, in which they assessed the lands of James Fisher the ancestor of the plaintiffs, for benefits in the sum of $990, these being the same lands subsequently in 1860 taken for the widening of Worth street, and in respect to which the award was made, upon which this action is brought. But no order of the court confirming the report of the commissioners of estimate and assessment, in the matter of widening Center street, was produced, and it was admitted that after diligent search in the proper clerk's office, no order of confirmation could be found. Until confirmation of the report of the commissioners of estimate and assessment, no lien is created by the proceedings. The act provides that on the coming in of the report, the court shall by rule or order, after hearing objections, either confirm it or refer it back to the same commissioners for revisal and correction, or to new commissioners to reconsider the subject matter thereof, and on the coming in of the second or other subsequent report, may refer it back in like manner "from time to time until a report shall be made and returned in the premises, which the said court shall confirm," and such report, the statute declares "when so confirmed shall be final and conclusive as well upon the mayor, etc., as upon the owners, lessees, persons and parties interested in and entitled

to the lands, etc., mentioned in the report, and also upon all other persons whomsoever." (§ 178.)

The order of confirmation is the final and decisive proceeding. Until that is made the rights of the parties are not fixed; the title of the owners of the lands taken for the improvement is not divested, and no charge or lien is created upon the land assessed. All the proceedings prior to the confirmation are provisional merely. But the inability to find an order of confirmation was not conclusive evidence that no order was made, and it was competent for the defendant to establish the fact by other proof. For this purpose, among other things, a copy of an entry in the official register of the corporation counsel, at the time, was admitted in evidence, as follows: "Widening and extending Center street; Charles Dusenbury, Abraham Dally, John B. Thorpe, 1835, June 6. Commissioners appointed: 1837, June 4. Report confirmed."

Entries made by third persons in the usual course of professional employment contemporaneously with the transaction recorded, are admissible to prove the fact stated, after the death of the person by whom the entry was made. (*Doe* v. *Tinford*, 3 B. & Ad., 898; *Brewster* v. *Doane*, 2 Hill, 537.) The entry by an attorney in his register of the making of an order or decree in a proceeding conducted by him, is admissible within this rule. The order or decree is the act of the court, but it is procured upon the application of the attorney, and the fact of obtaining it is a part of the history of the proceeding, which properly and usually is inserted in the register. There is no absolute duty resting upon an attorney to make such an entry, but this is not essential, it is sufficient if the entry was the natural concomitant of the transaction to which it relates, and usually accompanies it. (1 Green. Ev., § 115; *Leland* v. *Cameron*, 31 N. Y., 115.) The facts and circumstances proved independently of the entry, rendered it probable that an order of confirmation was made, and in connection therewith the original entry of the corporation counsel, was after his death, admissible secondary evidence of the fact. But the entry admitted in this case was not the original entry,

and it was not shown that the person who made the entry was dead. On both grounds the evidence was incompetent.

But, assuming that the assessment of 1837 was valid, the presumption of payment had attached prior to the making of the award to the plaintiffs in 1862, and was not rebutted by any facts or circumstances proved on the trial, and the claim to deduct it from the award should for that reason have been disallowed.

By section 186 of the laws of 1813, the sum assessed for benefits is made a lien or charge on the lands against which the assessment is made, and in default of payment on demand by the owner, occupant or person interested therein, the mayor, aldermen and commonalty, or any five of them, of whom the mayor or recorder may be one, are authorized by warrant, issued under their hands and seals, to levy the same from and after thirty days from the confirmation of the report, by distress and sale of the goods and chattels of the owners, etc., or the same may be recovered by action of debt or assumpsit in behalf of the corporation. The 222d section declares that assessments made by virtue of the act " may be sued for and recovered, with costs, in like manner as if the said houses and lots were mortgaged to the mayor, aldermen and commonalty for the payment thereof," and that they shall be entitled to a " preference before all other incumbrances."

In the *Mayor* v. *Colgate* (12 N. Y., 140), these provisions of the act came under the consideration of the court. That action was commenced in 1851, to enforce the lien of an assessment made in 1839, upon the lands of the defendants, and a decree was obtained for the sale of the premises to pay the assessment. The defendant interposed as a defence the six years' statute of limitations, under the provision of the Revised Statutes, subjecting to that limitation " all actions of debt founded upon any contract, obligation or liability not under seal, excepting such as are brought upon the judgments or decrees of some court of record of the United States, or of this or some other State." (2 R. S., 296, § 18, sub. 1.)

Opinions were delivered by GARDNER and DENIO, JJ.

Both concurred in the opinion that the action was not barred, and that the right to enforce the lien continued for twenty years from the time of the assessment. GARDNER, J., was of opinion that the order of confirmation was in the nature of a judgment, and that the rule applicable to an action on a judgment applied to the case; and DENIO, J., places his opinion on the ground "that the asssessment is to be considered as in effect a mortgage, as well in regard to the time of commencing an action upon it as in other respects." There was no question but that the action was subject to some limitation and the court concurred in the result which was reached in both opinions that the limitation was twenty years. This must be regarded as a decisive adjudication of this question.

It is immaterial in this case whether the assessment when confirmed, is regarded as a judgment or a mortgage upon the lands assessed, as the rights of these parties are the same whichever view may be taken. The defendant's right of action to recover the assessment for the widening of Center street accrued in 1837, and the lien upon the lands assessed attached at the same time, a period twenty-five years before the award of 1862, and more than thirty years before the commencement of this action. The cause of action for the assessment of 1837, having accrued before the Code, the case, in respect to the question of limitation is governed by the Revised Statutes. (Code, § 73; *Appleby* v. *Brown*, 24 N. Y., 143.) Section 47, part 3, title 1, chapter 5 of the Revised Statutes declares that every judgment, etc., "shall be presumed to be paid and satisfied after the expiration of twenty years from the time of filing such judgment and decree," etc., but "such presumption may be repelled by proof of payment or of written acknowledgment of indebtedness made within twenty years, of some part of the amount recovered by such judgment or decree; in all other cases it shall be conclusive." By section 48, the right of action on a sealed instrument is presumed to have been extinguished by payment after the expiration of twenty years from the time it accrues, but may be repelled, the section declares, by proof of payment of some

part, or "by proof of a written acknowledgment of such right of action within that period."

If the assessment under the act of 1813 is regarded as a judgment, section 47 applies to it; if a mortgage, then section 48 is applicable. In either case the presumption of payment which attaches after twenty years can be rebutted only in one of two ways, *first* by proof of actual payment of part of the claim, or *second*, by a written acknowledgment of indebtedness, or of the right of action. Neither of these facts exists in this case. There was no part payment of the assessment, and no written acknowledgment of liability. Proof that in fact the assessment had not been paid, does not rebut the presumption raised by the statute. It is conclusive unless rebutted in one of the two ways mentioned. (See *Morey* v. *Farmers' Loan and Trust Co.*, 14 N. Y., 302.)

If the defence, that the defendant had the right to retain the balance of the award to satisfy the assessment of 1837, can be regarded as a counter-claim, and a reply was necessary, we are of opinion that payment was sufficiently averred in the reply. Because this averrment was coupled with other allegations which were irrelevant, does not prevent it from being treated as a reply of payment simply, and this was a proper reply to enable the plaintiff to avail himself of the statute presumption, to defeat the claim of the defendant founded on the assessment. (*Henderson* v. *Henderson*, 3 Den., 314.)

The judgment should be reversed, and a new trial ordered.

All concur.

Judgment reversed.