Per Curiam.
The defendant conveyed to plaintiff certain property on Avenue D, in the city of New York, April 5. 1884, and in such conveyance covenanted against assessments and other incumbrances. It appears from a record of confirmed assessments in the office of the Bureau of Arrears of the city of New York, that in the year 1840 an assessment on said property was confirmed for filling sunken lots, amounting to $183.98, and this submission is to *452 determine whether such assessment was, at the time of said conveyance, an incumbrance on said property.
It appears that no payment or written acknowledgment of the liability of the owner of the property for such assesment has ever been made.
In the case of Fisher v. Mayor (67 N. Y. 78), it was held that the right of the mayor, etc., of New York to enforce an assessment, existed for twenty years after it was confirmed, and that after twenty years the presumption of payment attaches, which could be rebutted only in one of two ways. First, by proof of actual payment of part of the claim ; or second, by a written acknowledgment of the indebtedness or of the right of action.
In this case it appears that néither of these facts exist.
The only record of this assessment is that it was confirmed September 24, 1840, and no proceedings have ever been taken by the corporation of New York to enforce the assessment. We can see no distinction between the case of Fisher v. Mayor (supra), and it is therefore controlling on us; and as it is more than forty years since the assessment was confirmed, it must be conclusively presumed that the assessment was paid, and consequently it was not at the time of the conveyance by plaintiff to defendant a lien on the property conveyed.
Defendant is therefore entitled to judgment. As costs are expressly waived by the parties, it should be without costs.