Daniels, J.
The assessments in controversy were made for the expenses of local improvements, and confirmed respectively on the 4th of February, 1863, the 15th of March, 1864, and the 28th of March, 1865. On the 9th of October, 1886, the defendant conveyed the property charged by the assessments to the plaintiff, and in the deed covenanted to pay off either or all these assessments appearing to be liens upon the property conveyed. For the first of these assessments - a sale was made on or about the 31st of October, 1815. On the thirtieth of November of the same year, sales were made of the same premises for the non-payment of the other two assessments. The sales for the first two assessments were set aside on or about the 11th of March, 1883. But as it is not stated in the case agreed upon that the order setting aside these sales in any manner affected the assessments themselves, it is not to be presumed that they were disturbed or invalidated by such orders. By chapter 338 of the Laws of 1858, as it was amended by chapter 312 of the Laws of 1874, authority existed at the time when the sales were set aside, to make *795 that disposition of them whenever any fraud or substantial error should be made to appear in the proceeding.
Chapter 312 of the Laws of 1874 further provides in its second section that when it should be made to appear that fraud or substantial error had been committed, the assessment should be vacated and the hen created thereby, or by any subsequent proceeding, should cease. But to vacate the assessment it could not have been the intention of the act, that it should be done either for fraud or substantial error in the proceedings before or attending the sale itself. While that may be the literal effect of the language of section 2 of the act, such an intention cannot reasonably be attributed to the legislature in making the enactment. But what was undoubtedly designed was to direct the assessment- to be vacated and set aside when any fraud or substantial error intervened in the proceedings leading to or in making the assessment. 'And when such fraud or substantial error appeared only in the subsequent proceedings, that the proceedings affected thereby should be set aside, and not those resulting in the assessment unaffected by any illegality or irregularity. That, taking the whole act together and considering its subject matter, must have been the design of the legislature, for it would be absurd to attribute the intention to be that the assessment itself might be set aside for the reason that the proceedings taken to sell the property proved to be substantially irregular or fraudulent.
The orders vacating the sales, therefore, must be considered to extend no further than they are stated in the case to have extended, and that is setting aside those two sales, leaving the assessments themselves wholly undisturbed and unimpaired in their legal force.-
The defendant in the action has relied upon the decision made in Fisher v. Mayor (67 N. Y., 73), as a shield against the liability asserted against him for the payment of these assessments. But that case is distinguishable from the present-one by the circumstance that the assessment there was made in the year 1837, more than twenty years before the enactment of chapter 381 of the Laws of 1871. The action too in which the decision was made, was not commenced until the 22d of December, 1869. Fisher v. Mayor, 3 Hun, 648, 650.
And by the decision of the court of appeals it was held that the hen of the assessment had been discharged under the presumption of payment arising after the lapse of twenty years. That presumption, however, does not apply to either of these assessments. For by section 1 of chapter 381 of the Laws of 1871 it has been declared that all taxes and all assessments which theretofore had been, or should *796 be, laid for city improvements, etc., shall be and continue to be until paid, a lien upon real estate on which they may be imposed. This act was applicable to each of these assessments, and had continued in force by section 915 of chapter 410 of the Laws of 1882. This enactment seems to have been made to avoid the effect of the presumption on which the case of Fisher v. Mayor, etc., proceeded, as it was designed according to its express language to continue the lien of the assessments in force until actual payment should be made of the amounts as distinguished from a mere presumption of payment.
The sale made for the assessment of 1865 has at no time been set aside; neither have the proceedings through which the assessment was made been questioned or in any manner vacated. When the sale was made by section 10 of chap. 381 of the Laws of 1871 it was made lawful for the clerk of arrears to bid in for the mayor, etc., every lot for which no person should offer to bid.
Authority was then given for the sale or assignment of, such purchases, and for proceedings requiring the redemption of the premises from the sale by the owner. And until such proceedings may be taken, the owner or occupant may voluntarily redeem the premises by payment of the amounts mentioned in the statute. As to the assessment of 1865, therefore, there appears to be no fraud, substantial error or irregularity in any respect, and by the sale the mayor, etc., acquired a right to this property which can only be divested in the manner pointed out in the statute.
Judgment should accordingly be pronounced in the action declaring the liability of the defendant under the covenant contained in the deed executed and delivered by him to the plaintiff for the payment of the assessments of 1863 and 1864, and for the redemption from the sale made for the non-payment of the assessment of 1865. And as that is the agreement of the parties, it will be without costs.
Van Brunt, P. J., and Brady, J., concur.