THOMAS WHITE et al., Appellants, *v.* THE CITY OF BROOKLYN, Respondent.

Plaintiffs held certain certificates of sales, issued by the collector of taxes and assessments in the city of Brooklyn, on sales of land made in and prior to 1864, for unpaid taxes and assessments. Each certificate contained a statement that the purchaser was entitled, after the expiration of two years from its date, to a lease of the premises sold, unless redeemed or an irregularity should be discovered in the proceedings prior to the sale, in which case it was agreed that the purchase-price should be refunded

to the purchaser or assigns upon surrender of the certificate. No redemptions and conveyances in pursuance of the certificates were ever made. Certain of the certificates plaintiffs claimed to own as assignees of the purchasers. The only evidence of the assignment of three of the certificates was by indorsement of the purchaser's name on the certificate. No notice of any assignment had been filed as required by the act of 1854 (§ 26, tit. 5, chap. 384, Laws of 1854), which provides that "no assignment of any certificate given on the sale of lands for any taxes or assessments, shall have any effect until notice of the same, with the name and residence of the assignee, shall be filed in the office of the collector of taxes and assessments of the district in which said lands are situated." In December, 1882, irregularities were discovered in the proceedings prior to the sales, which rendered them invalid. In July, 1883, plaintiffs demanded repayment of the purchase-moneys, which was refused. In an action to recover the same brought thereafter, the court below held that the action was barred by the Statute of Limitations. *Held,* error; that the contracts on the part of the city embodied in the certificates continued effectual and unperformed until the discovery of the irregularities in the proceedings, and plaintiffs' right to the repayment of the purchase-moneys then arose.

Also *held,* that plaintiffs were not entitled to recover interest prior to the time demand of payment was made, nor to recover anything by way of indemnity for costs incurred by them in defending an action in which was involved the validity of the certificates as liens.

Also *held,* that while the defendant might, for the purpose of performance of the contracts contained in the certificates, have treated the purchasers, as the parties entitled to the benefit of them until notice was filed, the provision was no defense in this action, as an assignment of the certificates would be in practical effect an assignment of the claims against the city for reimbursement; but that the certificates were not negotiable instruments transferable simply by indorsement; and that the indorsements alone were insufficient evidence to establish title in plaintiffs to the three certificates.

(Argued June 5, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made January 23, 1888, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought upon the contracts of the defendant contained in several certificates of sales by its collector of taxes and assessments, of certain lands in the city of Brooklyn, made in 1860, 1861, 1862, 1863 and 1864, for taxes assessed upon them from 1851 to 1862 inclusive.

The certificates are held by the plaintiffs. They bear even dates with the sales respectively, are subscribed by such collector, and are in the form following : " I hereby certify that at public auction held by me this day at the City Hall in the city of Brooklyn for the sale of property for unpaid taxes pursuant to an act entitled ' An act to consolidate the cities of Brooklyn and Williamsburgh and town of Bushwick into one municipal government and to incorporate the same,' passed April 17, 1854, and the acts amendatory thereof, —— purchased the lot," etc., " assessed for the tax of —— for the term of —— years for which he then paid the sum of —— dollars, and which said purchase entitled him to a lease of the said premises for the term aforesaid after the expiration of two years from the date hereof, unless said premises be redeemed within that time, or any irregularity shall be discovered in the proceedings prior to said sale, in which case said purchase and all sums paid for taxes or assessments on said premises shall be repaid to said purchaser or his assigns, provided this certificate shall be surrendered to the collector of taxes and assessments, and no further or other damages shall be claimed by said purchaser." The plaintiffs held some of such certificates as purchasers, but the most of them they claimed to hold as assignees of the purchasers. The only evidence of assignment of three of them was the indorsement of the purchasers' names on the back of the certificates. No redemption was made. In May and August, 1882, the plaintiffs demanded leases which were not given, and in July, 1883, they demanded repayment to them of the purchase-money which was refused. In December, 1882, it was discovered that there were irregularities in the proceedings prior to the sales, by which the sales were rendered invalid. This action was commenced in July, 1883.

*W. E. Osborn* for appellant. A tax or assessment, on and from the date of its confirmation, is analogous to a judgment or mortgage, the lien of which continues and is not barred until the expiration of twenty years from such confirmation. (*Fisher* v. *Mayor, etc.,* 67 N. Y. 73–79.) The premises were

not redeemed; irregularities were discovered in the proceedings prior to the sales, and the city, by the term of its contract, is bound to refund the money, unless the claim therefor has been barred by the lapse of time, which, on this appeal, is the only question raised or to be considered. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128; *Coffin* v. *City of Brooklyn*, 116 id. 165.) An action for the specific performance of a contract must be commenced within ten years after the cause of action accrues. (Code Civ. Pro. § 388; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Hayes* v. *Nourse*, 114 id. 605.) Assuming that the time when the vendee is obliged to require performance of the contract is two years after the date of sale, so that any delay by him thereafter, whether of twenty years, ten years or six years, would count against him; if by the consent of the parties, or if by statute, having the force of such consent, the time originally fixed for the application for a lease pursuant to the terms of sale be extended, then, until the time arrives when performance is required by such extension, the lapse of time does not count against either party. (Laws of 1865, chap. 721, § 12; Cooley on Taxation, 478–480.) It is claimed by the defendant that the law of 1865 applies to valid liens only, and that the certificates in question being invalid, never were liens. The intent and object of the statute are very manifest  This notice is a challenge to the purchaser to assert his rights, if any, under the contract, or be barred after six months. (Laws of 1862, chap. 478; *Mushlitt* v. *Silverman*, 56 N. Y. 362.) The judgment in the suit of *Barnard* v. *Barnard*, under the notice of these plaintiffs to the city to defend such sales, which were sought to be set aside by such action, is conclusive upon the city of Brooklyn, and this alone, independently of the question of the .Statute of Limitations, renders the city of Brooklyn liable for the amount which the plaintiffs lost by such judgment, together with the costs which they sustained in the prosecution of their defense. (*Heiser* v. *Hatch*, 86 N. Y. 614; *City of Rochester* v. *Montgomery*, 72 id. 65.) The plaintiffs were entitled to resort to the land pursuant to the sale, but they could not do

this because of the city's refusal to deliver to them leases according to the contract. Where a creditor does an act by which a security is rendered valueless to a surety who is entitled to be subrogated, the surety who has paid the creditor is entitled to recover from him the amount of the defeated security. (*Chester* v. *Bank of Kingston*, 16 N. Y. 336; *Cooley* v. *Leonard*, 56 id. 494.)

*William T. Gilbert* for respondent. In the absence of a contract or statute, the rule of *caveat emptor* is strictly applied to the case of a purchaser at a tax sale. (Cooley on Tax. 329, 375, 572; Desty on Tax. 850; *Lynde* v. *Melrose*, 10 Allen, 47; *Packard* v. *New Limerick*, 34 Me. 269; *Coffin* v. *City of Brooklyn*, 116 N. Y. 166; *Breevoort* v. *City of Brooklyn*, 39 id. 120, 135.) Plaintiffs are, therefore, remediless unless they can show some obligation resting upon the city under contract. (*Chapman* v. *City of Brooklyn*, 40 N. Y. 372, 378.; *Manning* v. *Keenan*, 73 id. 45 ) The city did not undertake to sell any present interest in the land, but only a right to a future interest in case of non-redemption by the owner, and in case no irregularities existed invalidating the power of the city to sell. (Desty on Tax. 853, 969; *Barton* v. *Mc Whinney*, 85 Ind. 481; *In re Webb*, 24 How. Pr. 247; *Minis* v. *U. S.*, 15 Pet. 423, 445; *U. S.* v. *Dickson*, Id. 141, 165; *Voorhees* v. *Bank of U. S.*, 10 id. 449, 471; *Wayman* v. *Southard*, 10 Wheat. 1, 30; Potter's Dwarris on Stat. 118; Sedgwick on Stat. Con. 59; 1 Kent's Comm. 463; *Myers* v. *Ins. Co.*, 27 Penn. St. 462; *U. S.* v. *Cook*, 17 Wall. 168, 177; *McKee* v. *Lambert*, 2 Watts & S. 114; *O. Co.* v. *Jerrard*, 46 Wis. 317; *Allen* v. *Morse*, 72 Me. 502; *Early* v. *Whittingham*, 43 Penn. 162.; *Harper* v. *Rowe*, 53 Cal. 233; Cooley on Tax. 531.) Plaintiffs' cause of action for a return of the purchase-money has been barred by the Statute of Limitations. (Code Civ. Pro. § 382; *Oakes* v. *Howell*, 27 How. Pr. 145.) The power of the collector to issue a lease was limited to the issuing of a lease upon a valid sale. (*Thompson* v. *Burhans*, 61 N. Y. 52, 65; *Bois* v. *Mul-*

*ligan*, 5 Fed. Rep. 439; *McGavock* v. *Bollock*, 13 Neb. 535; *McCready* v. *Saxton*, 29 Penn. 356; *Sharp* v. *Spier*, 4 Hill, 76; Desty on Tax. 910; *State* v. *Williston*, 20 Wis. 228; *Crane* v. *Jamesville*, Id. 305; *Hamilton* v. *Fon du Lac*, 25 id. 490; *Orton* v. *Noonan*, Id. 612; *Siegel* v. *Supervisors*, 26 id. 20; *M. I. Co.* v. *Hulbard*, 29 id. 51.) But in any point of view the plaintiffs were not entitled to judgment for the reason that they failed to prove title to the certificates in themselves. (Charter of 1854, tit. 5, § 36; Charter of 1873, tit. 8, § 5; *Jackson* v. *Jacksonport*, 14 N. W. Rep. 296.) The court below properly rejected the claim of the plaintiffs for a return of the purchase-money paid upon three sales evidenced by the certificates, which were merely indorsed by the purchaser. A certificate of sale is not a negotiable instrument which passes by indorsement merely. (Desty on Tax. 856; *Howe* v. *Garry*, 5 N. Y. 897, 900; *Cook* v. *Satterlee*, 6 Cow. 108; *Read* v. *City of Buffalo*, 67 Barb. 525; *Crowdrey* v. *Vandenburgh*, 101 U. S. 572, 574; *Smith* v. *Todd*, 13 N. W. Rep. 489; *Jackson* v. *Jacksonport*, 14 id. 296.)

BRADLEY, J. When the two years from the times of the respective sales had expired, and the premises were not redeemed, the right of the purchasers or their assigns was to take conveyances for the terms of years mentioned in the certificates, unless some irregularity was discovered in the proceedings prior to the sales, and in that case to have the purchase-money refunded. This right was effectually given by the terms of the certificate. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128.) It turned out that such irregularities did exist; and that, as the consequence, the sales in question were void. The purpose of this provision in the certificate for repayment evidently was for the benefit of the purchaser, and for the restoration to him of the amount paid, if it appeared that the city was unable to give effect to the sale by the conveyance which it undertook to make. The discovery of the defect in the proceedings prior to the sale, and not its existence merely, was the fact which, it was contemplated, would

deny to the defendant the right to make the conveyance, and afford to the purchaser the right to reimbursement. If, therefore, without such discovery, the conveyance had been made to him, the remedy of the purchaser to obtain repayment would have been defeated, although such irregularity prior to the sale, had in fact existed. (*Coffin* v. *City of Brooklyn,* 116 N. Y. 159.) The first condition upon which repayment was made to depend, did not arise. The irregularity did exist, and was discovered. The plaintiffs' right to reimbursement was not defeated by any conveyance pursuant to the sale and certificate. The view of the court below was that the plaintiffs' right to recover was barred by the Statute of Limitations, which seems to be the leading question here for consideration. If the right of the plaintiffs was dependent solely upon the fact that such irregularity existed, it is clear that the statute commenced running on the expiration of the time for redemption, and operated as a bar at the end of six years thereafter, although the plaintiffs were ignorant of the existence of the fact which entitled them to the remedy. (*Allen* v. *Mille,* 17 Wend. 202.) While a certificate of the character of those in question is in some sense similar to that of an executory contract of sale, the right to recover the purchase-money paid does not arise from any breach of the contract, but is in its enforcement. The case here, therefore, differs somewhat from the remedy given by refusal or inability of the vendor in the ordinary contract for the sale of land to convey. There the remedy for recovery, by way of reimbursement of the purchase-money, is founded upon the breach of the contract. Here the contract gives the only right the plaintiffs have for that purpose. When the time for redemption expired the fact existed, which if then discovered, would have entitled the purchasers or their assigns to repayment of the purchase-money. The discovery of the irregularity not then having been made, the defendant, in compliance with the certificate, could, and probably would, if called upon to do so, have made the contemplated conveyance. If, therefore, such conveyance could have been made in performance of the contract according to its terms, can it

be said that a right of action had in fact accrued to recover the purchase-money? Both conditions did not exist at the same time. But when, within the fair meaning of the contract, the right to reimbursement arose, the right of the defendant to make the conveyance pursuant to the contract terminated. And it was not intended by the contract that the defendant should be embarrassed in making a conveyance pursuant to it by the mere fact that a defect existed in the proceedings prior to the sale, but that the denial of that right and liability to repay the purchase-money, should be dependent upon the discovery of the defect. This view would seem to lead to the conclusion that the discovery was the fact upon which the right of action for the reimbursement depended; and that then the cause of action for such relief would first arise. But the time within which such cause may accrue and the remedy be made available, must have some relation to that which the lien, and perhaps the right to specific performance, would otherwise exist. For it evidently was not in contemplation that any remedy would survive the period during which the lien, given by a valid certificate, would continue. The right of action for specific performance, unless saved by some statute, would be barred at the end of ten years after the expiration of the time for redemption. (*Bruce* v. *Tilson*, 25 N. Y. 194.) That ten years expired before this action was commenced. The Statute of Limitations has relation to the remedy only, and while it might be made available to defeat the remedy, it would not affect or curtail the lien of a valid sale. (*Waltermire* v. *Westover*, 14 N. Y. 16.) That is supposed to continue twenty years. (*Fisher* v. *Mayor, etc.*, 67 N. Y. 73.) The statute providing the means by which a person claiming an interest in the premises sold for taxes in the city of Brooklyn, may, by filing of notice, limit the time for taking the conveyance pursuant to such a sale, also provides that such term is extended until the expiration of six months from the time of filing the notice, when the lien shall cease. (Laws of 1865, chap. 721, § 12.)

This statute does not have the effect, when no notice is filed,

to extend the lien of a certificate given on a sale for taxes, beyond the time which it otherwise would continue; but it may be construed in such event to so extend the time within which a conveyance may be required, as to obviate the ten years' Statute of Limitations in seeking specific performance. The time to seek conveyances was not limited by any notice, and, within the meaning of the statute, if the certificates had been valid, the right to obtain such conveyance, unless terminated by such notice, would continue during the existence of the lien. It is, however, suggested that this statute has no application to the certificates in the present case, because they never were liens upon the premises mentioned in them. It is true they were not liens; but in the contemplation of the parties when the certificates were made, and until their invalidity was discovered, conveyances were to be made and taken pursuant to the contract; and while in that view it was assumed that such right continued, it may be seen that the discovery of the irregularity, which defeated the ability of the defendant to convey, produced the remedy to recover back the purchase-money. We have thus far proceeded as if no time was designated by the contract for its performance; and that, therefore, the discovery of such irregularity at any time, during which the lien of valid certificates would continue, enabled the purchaser to assert his claim for reimbursement of the purchase-money. In view of the statute on the subject, as well as by the terms of a certificate like those here, the time of performance of the contract represented by it was on the expiration of two years from the time of the sale.

No redemption of the premises being in the meantime made, the rights of the parties to the certificate may have been treated as then fixed, so as to entitle the purchaser to a conveyance, unless some irregularity in the proceedings prior to the sale was discovered. In the latter event he would be entitled to repayment of the purchase-money. No such discovery in the cases in question having then been made, the collector of taxes and assessments may have fully discharged his duty and the liability of the defendant, by making to

the purchasers instruments purporting to convey the estates mentioned in the certificates. This was contemplated by the statute as it then was (Laws of 1854, chap. 384, tit. 5, § 33), and as it has since remained. (Laws of 1873, chap. 863, tit. 8, § 9.) So far as appears the collector, prior to the act of 1873, did not, nor did the registrar of arrears thereafter and before the discovery of the invalidating irregularity in the proceedings, make any such conveyance. There was nothing required by the statute, or by the certificate of the purchaser, to entitle him to the conveyance, or to move the collector or registrar of arrears to make it. And in that view the question may arise whether the omission to make the conveyances as well as to seek to obtain them, may not be treated as an extension of the time of performance of the contracts by the acquiescence of the parties. Time was not necessarily of the essence of the contract as between the city and the purchasers. And the defendant did not nor did the purchasers do anything to make it so, or to terminate the time of performance until in 1882, when the plaintiffs first demanded conveyances, which were refused. The contracts, therefore, as against the defendant continued effectual, open and unperformed until the discovery in that year of the irregularity in the proceedings prior to the sales, which invalidated the certificates from the beginning. (*Gilbert* v. *Danforth*, 6 N. Y. 585.) After such discovery, performance could not be accomplished by making conveyances. If these views are correct it would seem that the right of the plaintiffs then arose to assert the claim for repayment of the purchase-money as to the certificates to which they had title, and which if valid would have continued to be a lien. The irregularity was discovered in December, 1882. The demand of payment and tender of the certificates were made in July, 1883, and this action was commenced shortly thereafter and in the same month. It is urged that the plaintiffs had no title to the certificates, which they claimed to own by virtue of the assignments made to them, because no notice was filed pursuant to the statute, which provided that "no assignment of any certifi-

cate given on the sale of lands for any taxes or assessments shall have any effect until notice of the same, with the name and residence of the assignee shall be filed in the office of the collector of taxes and assessments of the district in which said lands are situated." (Laws of 1854, chap. 384, tit. 5, § 26; Laws of 1873, chap. 863, tit. 8, § 7.) The certificates ran to the purchasers and their assigns. And while the defendant might, for the purpose of performance of the contracts contained in them, treat the purchasers as the parties entitled to the benefit of them until such notice should be filed, the right upon which this action is founded is, in practical effect, the assignment of the claim to the moneys paid upon the purchases, or the liability of the defendant created by the contracts to pay it, and unless some relief is given by some intervening act of performance, which does not appear, we think that provision of the statute is not available as a defense. (*Chapman* v. *City of Brooklyn*, 40 N. Y. 372.) These certificates are not negotiable instruments, and the mere indorsement of them by the purchasers would not be effectual to transfer them or the claim to the purchase-money. This situation seems to have been applicable to a few only of the certificates held by the plaintiffs. As to them such indorsements alone was insufficient evidence to establish title in the plaintiffs.

In the view taken it is not essential to refer to the legislation had, and the action taken to supply the deficiency in funds for municipal purposes, occasioned by the invalidity of assessments which had been made, although it was the subject of consideration in the court below. But it may be observed that in 1883 provision was by statute made to make assessments of arrears of unpaid taxes assessed prior to July 1, 1882; and it was provided that all taxes, assessments and water rates unpaid, for which sales had been made, which sales were for any reason invalid, should be deemed to be in arrears from the date when they were levied or attempted to be levied or confirmed. (Laws of 1883, chap. 114.) It is claimed on the part of the plaintiffs that thereupon the city

proceeded to relevy taxes and assessments upon the premises and collected them, and thereby twice received payment of the moneys for which this action was brought. As found by the trial court, this was not necessarily so as to the whole amount. The court found that pursuant to that act of 1883, the city authorities levied upon each of the parcels of land a tax or assessment for some amount in lieu and stead of those in question, but that the amount so relevied did not appear. These facts tend to show that the city made such assessments, by way of relevy, as were deemed essential to supply the deficiency caused by or resulting from the irregularities in previous assessments, including those for which sales had been made, and that the statute of 1883 was passed to meet that necessity.

It is not seen that the plaintiffs were entitled to recover interest prior to the time the demand of payment was made. Nor were they entitled to recover anything by way of indemnity for costs incurred by them in defense of an action brought by one Barnard, in which they were made defendants, and in which was involved the question of the validity of the certificates as liens. They had no rights against the defendant, except such as were given by the contracts contained in the certificates, and those were to a conveyance unless irregularities were discovered in the proceedings prior to the sales, and in that case they were entitled to repayment of the amount of the purchase-money as represented by the certificates of which they had the title.

These views lead to the conclusion that the Statute of Limitations was not a bar to the action, and that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.