RAQUETTE FALLS LAND COMPANY, Claimant, *v.* THE STATE OF
NEW YORK, Defendant.
(Claim No. 17148.)

Court of Claims, April 22, 1925.

State — claims against State — motion to vacate judgment for claimant
and for order under Court of Claims Act, § 20, to bring in additional
parties to claim for land appropriated under Conservation Law, § 59,
and Laws of 1917, chap. 146, as amd.— claimant's predecessor in title
acquired title to said land pursuant to tax sale under assignment of
certificate of sale — no deed from Comptroller recorded — subsequent
deeds through which claimant claims title recorded — interests of per-
sons sought to be made parties cut off by validity of sale by Comptroller to
claimant's predecessor in title — persons now sought to be brought in by
State failed to file claim within last five years — motion denied.

Defendant's motion to vacate and set aside a judgment in favor of the claimant
and to bring in additional parties pursuant to section 20 of the Court of Claims
Act upon a claim to recover compensation for lands appropriated by the State
under section 59 of the Conservation Law and chapter 146 of the Laws of 1917,
as amended, should be denied, where it appears that claimant's predecessor
in title acquired title to the lands pursuant to a tax sale under an assignment
of the certificate of sale issued by the State Comptroller; that, though no deed
from the Comptroller has been recorded or is in existence, subsequent deeds
to the lands through which claimant claims title had been recorded many years
before the State appropriated said lands; and that nearly five years have elapsed
since the said lands were appropriated without the filing of a claim by or in
behalf of any persons sought by the State to be brought in and made parties
to the claim, since the interests of the persons now sought to be made parties
were cut off by the tax sale, which, under the facts stated, must be conclusively
presumed to have been regular and valid.

Moreover, if claimant's judgment was reopened and the additional parties brought
in, it seems that the result of the judgment already entered awarding the entire
claim to the claimant would be unchanged.

MOTION by the State to vacate and set aside judgment for
claimant, and to bring in additional parties pursuant to section 20
of the Court of Claims Act.

*George N. Ostrander,* for the claimant.

*Albert Ottinger, Attorney-General* [*Clarence R. Cummings, Deputy
Attorney-General,* of counsel], for the State of New York.

SMITH, J.:

This claim has been filed to recover compensation for lands
appropriated by the State pursuant to the provisions of section 59
of the Conservation Law and chapter 146 of the Laws of 1917
and acts amendatory thereof and supplemental thereto.

The claim was tried at a term of this court held on October 29, 1923, the trial resulting in judgment in favor of the claimant and against the State of New York in the sum of $584, which judgment was duly entered on November 20, 1923.

The Attorney-General has applied for an order vacating and setting aside the judgment and for a further order to bring in additional parties pursuant to the provisions of section 20 of the Court of Claims Act, this for the reason, as claimed, that the additional parties sought to be brought in had, or may have had, some title to, or interest in, the appropriated lands prior to the appropriation thereof, and that claimant, therefore, was not the sole owner of the lands and as such entitled to an award and judgment for the full value of the lands.

On the trial of the claim claimant presented *prima facie* proof of title, the State presenting no evidence on that question.   The value of the appropriated lands, as fixed by the judgment, was the value agreed to by the parties.

It is not claimed that such evidence as the State may have of the imperfections in claimant's title to the appropriated lands is newly-discovered evidence which has come to the attention of the Attorney-General since the trial of the claim.

Several objections to claimant's title are now offered by the Attorney-General.   The consideration of but one seems necessary, for if this is disposed of in claimant's favor, his title to the appropriated lands at the time of the appropriation thereof was sufficient to entitle him to the award made, notwithstanding the other objections offered by the Attorney-General.

On November 11, 1863, Albert N. Cheney and Anna Cheney, his wife, by a warranty deed, conveyed the lands in question to the Adirondack Company, a corporation, which deed was recorded in the Essex county clerk's office, in which county said lands lie, on February 2, 1864, in liber 54 of Deeds at page 412, and later, and on January 30, 1869, Anna Cheney executed and delivered to said Adirondack Company a deed of said lands, which deed was recorded in the Essex county clerk's office on February 2, 1869, in liber 68 of Deeds at page 554.

Through mesne conveyances claimant has succeeded to all of the right, title and interest of the Adirondack Company conveyed to it by the Cheney deeds.

The papers before me on this motion show that the lands in question, which are wild Adirondack forest lands, were sold by the State Comptroller at a tax sale held in the year 1859 for the unpaid taxes of the years 1852 to 1855, inclusive, and were purchased by one F. N. Benedict, a certificate of such sale and purchase

having been issued and delivered to said Benedict by the Comptroller under date November 28, 1859.

No deed from the Comptroller appears of record in the Essex county clerk's office, nor was such a deed produced on the hearing of the motion, nor does it appear by the papers that any such deed is now in existence. However, it does appear by records in the Comptroller's office that the lands were conveyed by the Comptroller to Anna Cheney pursuant to said tax sale on October 12, 1867.

There is no record of a formal assignment of the certificate of sale by F. N. Benedict to Anna Cheney or to any other person, and the learned Attorney-General, therefore, asserts that the deed of the Comptroller to Anna Cheney was unlawful, unauthorized and conveyed no title.

The certificate of sale is on file in the Comptroller's office, evidently, in accordance with the then prevailing practice, surrendered to the Comptroller in exchange for the deed. On the back of the certificate is written the name " F. N. Benedict," who was the purchaser at the tax sale, and on its face, in red ink, the name " Cheney, A. N." Whether or not that is all of the evidence of the assignment of the certificate which was presented to the Comptroller does not appear. A formal assignment of the certificate may have been presented to the Comptroller. The statute did not require an assignment of such a certificate or the evidence thereof to be in any particular form nor did it require that such assignment or the evidence thereof should be filed or recorded in any public office. The statute did not even require the surrender of the certificate of sale to the Comptroller, though that seems to have been the practice. (Laws of 1855, chap. 427.)

If the certificate indorsed as above described was the only evidence presented to the Comptroller of the fact of the assignment to Anna Cheney, evidently the Comptroller concluded the evidence to be sufficient.

It was the duty of the Comptroller to convey the lands to the purchaser, his heirs or assigns, and he had power to take evidence and to determine the person or persons rightfully entitled to a conveyance. (Laws of 1855, chap. 427, §§ 63, 64.) The Comptroller was satisfied by such evidence as was presented to him that Anna Cheney was entitled to a conveyance and the records in the Comptroller's office show that such conveyance was made to her.

This transaction took place nearly fifty-eight years ago, and at this late day and in a proceeding such as this, it should not be held that the Comptroller's act in conveying the lands to Anna Cheney

was irregular and based upon insufficient evidence of the assignment to her of the certificate of sale. (16 Cyc. 1075, 1076.) The situation is unlike that in *White* v. *Brooklyn* (122 N. Y. 53), where the statute explicitly provided that no assignment shall have any effect unless notice thereof in the prescribed form were filed in the office of the collector, etc.

I think that for the purpose of deciding the question here to be decided, the fact and the validity of the conveyance by the Comptroller to Anna Cheney is sufficiently established by the moving papers. Perhaps the evidence falls somewhat short of what would ordinarily be required to establish a lost deed, but it is sufficient to establish the fact that a conveyance of the land to Anna Cheney was given by the Comptroller and the statute (Laws of 1855, chap. 427, § 63) furnishes the form and contents of the deed. Moreover, claimant is not seeking to establish a lost deed so as to perfect his record title. The whole title to the lands has been taken over by, and now vests in, the State of New York, as well the title, if any, of the persons now sought to be brought in as of claimant. The question here to be determined is, who is entitled to compensation for the land taken.

The rights and interests of the persons now sought to be made parties to this claim were in existence, if in fact they ever had valid existence, at the time of the tax sale of 1859 and were cut off by that sale if it was regular and valid.

The moving papers disclose no irregularity or invalidity in any of the tax proceedings leading up to the tax sale or in the sale itself. It does not appear that there was any infirmity in the notice of redemption or the publication thereof as in the Cattaraugus county case. (*Simonton* v. *Hays*, 32 Hun, 286.)

The deed from the Comptroller to Anna Cheney was not recorded in the Essex county clerk's office, but her deed to the Adirondack Company purporting to convey the lands in question was duly recorded, as have been the several mesne conveyances by which claimant claims title, and all had been recorded more than two years before the lands were appropriated. This state of facts raises a conclusive presumption that the tax sale and all proceedings prior thereto were regular and valid. (Tax Law, § 132; *Morgan* v. *Turner*, 35 Misc. 399; affd., 81 App. Div. 645.)

The appropriation of the lands involved in this claim was accomplished in the year 1920. Nearly five years have elapsed since the appropriation, and no claim has been filed by, or in behalf of, any of the persons sought by the State to be brought in and made parties to this claim although the statute requires such claims to be filed within two years after the appropriation. (Con-

servation Law, § 59.) It thus appears that there are no rival claimants to the compensation to be made for these lands.

If the judgment were opened and the additional parties brought in and evidence placed in the record of all of the facts alleged in the State's moving affidavits, it would seem that the result would be a judgment sustaining claimant's right to an award for the full value of the lands as the judgment already entered provides. The motion is, therefore, denied.

ACKERSON, P. J., concurs.