### THOMPSON vs. SICKLES.

An answer, in an action on a promissory note, alleging a set off against the plaintiff's assignor, does not contain a *counter-claim*, requiring a reply, to put the new matter in issue.

In such an action, brought by an assignee of the note, the plaintiff may raise the objection that a set off against his assignor, (the payee,) averred in the answer, is barred by the statute of limitations.

The right which the payee of a note possesses, to set up the statute of limitations against a demand of the maker urged as a set off, may, with great justice, be deemed an incident to the note, its principal, and as passing with it to the assignee thereof. *Per* CLERKE, J.

There is no substantial reason why the benefit of the statute of limitations should not be extended to the assignee or transferee of any assignable demand, *it seems. Per* CLERKE, J.

APPEAL from a judgment entered on the report of a referee. · The action was brought on a note for $460.35, made by the defendant, and dated August 1, 1853, payable two years from date, to the order of George Clark. The defense was an alleged indebtedness of George Clark, the payee, to the defendant, for services rendered in the years 1845 and 1846, to which the plaintiff interposed a reply of the statute of limitations. To this reply the defendant demurred, and the court, on argument of the demurrer, held the reply and demurrer were nullities, on the ground that the defense was not a counter-claim making a reply necessary. The action was tried on complaint and answer, and the referee found the following facts: *First.* That in or about the year 1846, the defendant, who was then an attorney at law, collected for and on behalf of George Clark, certain moneys of one Gautier, and gave to the said George Clark his promissory notes for the amounts so collected; and afterwards, in renewal of one of said notes, on or about the 1st day of August, 1853, at the city of New York, the defendant made his promissory note in writing, bearing date on that day, whereby, two years after the date thereof, for value received, he promised to pay to the order of George Clark, $460.35, at the Union Bank, and delivered said note to the said George Clark. *Second.*

That after the maturity of said note, the said George Clark assigned and transferred the same to the plaintiff in this action ; and at the time of the commencement of this action, the plaintiff was the holder and owner thereof, *Third.* That the interest on said note, to the date of the report, amounted to the sum of $274.79, making a total of principal and interest of $735.14, and that no part of said principal or interest had been paid. *Fourth.* That on and before the 1st day of January, 1845, the defendant was, and ever since has been, an attorney and counsellor, duly admitted and licensed to practice as such in all the courts of this state. *Fifth.* That in or about the years 1845 and 1846, the defendant, as such attorney and counsellor, at the request of the said George Clark, rendered certain professional services to the said George Clark, in a certain suit in the Supreme Court of this state, in which the said George Clark was defendant and Edward H. Pendleton was plaintiff, which services were reasonably worth and of the value of $250 ; and certain other services in another suit then pending in the Superior Court of the city of New York, in which the said George Clark was defendant and Patrick L. Hearn and George Harrison were plaintiffs, which were reasonably worth and of the value of $200 ; and certain other services in a suit then pending in the Court of Chancery in the state of New York, in which the said George Clark was plaintiff and Patrick L. Hearn and John Harrison were defendants, which were reasonably worth and of the value of $250 at least ; and certain other services in the matter of the collection of a claim against one Gautier, which were reasonably worth and of the value of $100. *Sixth.* That the said George Clark never paid the defendant for said services, or any part thereof, and at the time of the assignment and transfer of the note above mentioned to the plaintiff by the said Clark, he, the said Clark, was justly indebted to the defendant for the services aforesaid, in the respective amounts aforesaid, amounting in the aggregate to more than the principal amount of said note,

with all accrued interest thereon, and said indebtedness has never been paid. *Seventh.* That at the time of the assignment and transfer of said note as aforesaid, more than six years had elapsed since said services had been rendered by the defendant to said Clark, and since the indebtedness therefor, as aforesaid, had accrued ; and no promise had been made by said Clark to the defendant to pay for said services, within six years prior to the said assignment and transfer of said note.

It also appeared on the trial before said referee, that in the several suits in which the defendant was attorney and solicitor for the said George Clark, he, the said defendant, had collected and received of the opposite party his taxed costs and disbursements. It also appeared on said trial, that at the time when the defendant gave George Clark his notes for the moneys collected of Gautier, (of one of which the note in suit is a renewal,) the defendant claimed of said Clark compensation for his professional services, and that there was no agreement or understanding on the part of the defendant that he should waive said claim, or that it should be affected by the fact of his giving said Clark his notes for the moneys which he had collected of Gautier. The plaintiff insisted before the referee, as matter of law, that the defendant having collected in the suit in which he was solicitor for said Clark, his costs as taxed against his opponents, was not entitled to claim as against said Clark any compensation by way of counsel fees. The referee refused so to decide, and the plaintiff excepted. The plaintiff further claimed as matter of law, that the defendant having made and delivered to said Clark the note in suit, with others, for moneys which he, the defendant, had collected for said Clark, was barred of all claim against said Clark for professional services rendered to him before that time. The referee refused so to decide, and the plaintiff's counsel excepted.

The referee's conclusions of law, upon the facts aforesaid, were : *First.* That the demand of the said defendant against

the said George Clark, for the services rendered as aforesaid, was a just and proper offset against the claim of the plaintiff as the assignee of said note (after the maturity thereof;) and as to the defendant, the statute of limitations constitutes no bar or defense to said offset. *Second.* That as the amount of said offset against said note exceeds the amount due for principal and interest on said note, the defendant was entitled to judgment that the complaint of the plaintiff be dismissed, with costs.

The plaintiff appealed from the judgment.

*E. & E. F. Brown,* for the appellant.

*Carpentier & Beach,* for the respondent.

GEO. G. BARNARD, P. J. The plaintiff is entitled to recover, unless the set off is established, according to 2 Revised Statutes, page 354, subdivision 9 of section 12, which provides that in an action upon a promissory note which has been assigned to the plaintiff after it became due, a set off to the amount of the plaintiff's debt may be made, of a demand existing against the person who assigned such note after it became due, if the demand be such as might have been set off against the assignor while the note belonged to him. This statute has been preserved by the Code, section 112.

Two questions are presented; first, one of pleading. Was it necessary to take the objection that the set off was barred by the statute of limitations, by a reply? By the practice existing before the Code, the defense presented would have been by a notice annexed to the defendant's plea, and no reply of the statute of limitations could be taken thereto; and if the set off was not proved to have accrued in time it would be rejected. (*Martin* v. *Williams,* 17 *John.* 329.) The Code has provided for no reply to an answer which does not aver a counter-claim, which it defines;

Thompson *v.* Sickles.

but which does not include the set off contained in the answer, unless the defendant moves the court for it. (*Code,* § 150. *Vassear* v. *Livingston,* 3 *Kern.* 250.) If the plaintiff's assignor had been plaintiff he would therefore be entitled to recover the note and interest; and thus is presented the second question. Can the plaintiff avail himself of the statute of limitations to destroy the offset?

The case of *Quantock and others* v. *England,* decides nothing upon the point in question. It was an action by the assignees of a bankrupt, against a debtor of the bankrupt. The debtor set up that the commission was involved, because the debts of the petitioning-creditors were over six years old. The bankrupt had appeared and been examined, and made no objection to the petitioners' debts, and it was held that the bankrupt's debtor could not take the objection, as the bankrupt had made none.

*Murray* v. *Judson,* (9 *N. Y. Rep.* 83,) only decides that a debtor may decline to set up the statute of limitations to bar a claim without its being the slightest evidence of an intention to defraud creditors. In *Peck* v. *Randall,* 1 *John.* 164,) it was held that the defendants, who were trustees of the estate of a debtor who had absconded could set up the statute "equally as if their principal was himself the defendant;" that the trustees succeeded "to the rights of their principal, and consequently to his means of defense." Because the trustees were vested by statute with the debtor's estate they might protect it by this statute. It is difficult to see why the principle decided in that case does not permit the plaintiff to use this objection. He owns the note in suit. Can he not use this statute to prevent its destruction, the same as the assignor to whose rights he has succeeded; and among these rights are his means of defense. Can the plaintiff not prove payment of this set off? The lapse of time is but evidence of the fact of a discharge of the debt.

In *Martin* v. *Gage,* (5 *Seld.* 398,) the Court of Appeals permitted executors to set up the statute to bar a claim

which was not barred at their testator's death, and when by the testator's will he had provided for the "payment of his debts."

I think, therefore, the learned referee erred in allowing the set off; and that there should be a new trial at the circuit; costs to abide the event.

CLERKE, J.   There is, at all events, no preponderance of precedent, to enable us to decide this question on authority. We must, therefore, have recourse solely to principle.

Although, the note was transferred to the plaintiff after it became due, it is admitted that he is the lawful owner and holder of it; and, it is not disputed that he is a holder in good faith and for value.   He is, consequently, entitled to the general legal protection and immunities, to which any person, who may have received it before it became due, would have been entitled; with the single exception, that, as he received it after it became due, it is subject, in his hands, to every defense which existed in favor of the maker before it was indorsed.   In this case, such a defense did exist; namely, that the payee was indebted to the maker in a certain amount of money for professional services.   If, then, the plaintiff is the owner in good faith and for value, and has received it with the burthen and liability which adhered to it in the hands of the payee, would it be consistent with the dictates of natural justice, and the elementary principles of our law, to deny to him the rights, which adhered to it while belonging to the payee?   If the burthen of the adhering liability has devolved on him, should he not have the benefit of the adhering right?   Are not the burthen and the right correlative?   Every evil, every duty, every liability has its compensation; and, if by a technical rule, the holder of a note, to whom it has been transferred after it became due, is subject to the liability referred to, it would be unjust, I think, to deny to him the countervailing compensation, which the former holder possessed.

Thompson *v.* Sickles.

Again; I think, the maxim, which applies to grants of real estate, may, with the same propriety, be applied to transfers of *choses in action*, and other kinds of personal property. "*Accessorium sequitur suum principale.*" "The incident shall pass by the grant of the principal." Indeed, this maxim has been, frequently, applied to contracts and mercantile transactions. The right, which the payee in this case possessed, to set up the statute of limitations against the maker's demand, may, with great justice, be deemed an incident to the note—its principal.

But, it is said, the statute was made only for the benefit of the debtor himself, and that it only affects the remedy. It is not correct to say, that it was made for the benefit solely of the debtor. It was made for the general good of society; it is a bar founded on public policy; it was designed to be a statute of repose. In the words of Mr. Justice Story, "It is a wise and beneficial law, designed to afford security against stale demands after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses." It is just as expedient, that an assignee or transferee should have this protection, and that he should have security against such demands, as that the original owner should have them. The thing to be protected against, and the benefit arising from the protection, are as important to the one as to the other; and the repose which it secures is equally beneficial to either. The demands of public policy, upon which the statute is founded, are equally complied with, whether the claim is made against the original owner of a *chose in action* or his transferee.

As to the assertion that the statute only affects the remedy; if this remedy amounts to a right in effect, we have only to consider, as we have been considering, what, as in other cases, was the purpose of the statute, in order to ascertain whether it should be extended to the position which the plaintiff occupies in this case.

---

I can discover no substantial reason why the benefit of the statute should not be extended to the assignee or transferee of any assignable demand.

I concur with the presiding justice in thinking, that the judgment should be reversed and a new trial ordered; costs to abide the event.

SUTHERLAND, J. concurred.

Judgment reversed.

