(1 App. Div. 324.)

## MINZESHEIMER v. BRUNS.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

LIMITATIONS—PLEADING—MATTER IN AVOIDANCE OF STATUTE.

    In an action against an administrator on a claim against the estate, though the cause of action is prima facie barred by the statute, plaintiff may show facts in avoidance, without pleading them.

Appeal from circuit court, New York county.

Action by Charles Minzesheimer against Edwin G. Bruns, as administrator of the estate of Philip C. Bruns, deceased, on a claim against the estate. The answer of defendant consisted of certain admissions and denials, and a separate defense that the cause of action stated in the complaint did not accrue within six years before the death of defendant's intestate and the commencement of the action. From a judgment entered on a direction of the court dismissing the complaint on the pleadings, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, RUMSEY, and INGRAHAM, JJ.

James E. Chandler, for appellant.

Donald McLean, for respondent.

BARRETT, J. The plaintiff's cause of action is well pleaded. The only objection upon the merits which the defendant takes to it is the failure to allege nonpayment to the assignors between the decedent's death and the assignment. Even if the rule that payment is a defense, and must be pleaded, were inapplicable, the plaintiff sufficiently meets the objection. He alleges that no part of the sum in question was ever paid to him by any one, or was ever paid to the assignors by the decedent. He further alleges that the defendant, upon presentation of this claim, duly verified, rejected it. This was quite sufficient, and the objection is hypercritical. The real question is with regard to the statute of limitations. The learned judge at circuit erred upon this head. He should not have dismissed the complaint without permitting the plaintiff to prove his claim. The complaint unquestionably states a good cause of action. Prima facie, it was barred by the statute. Whether it was conclusively barred depended upon such proof as the plaintiff might have offered in avoidance. Nothing is better settled than that anticipatory matter in avoidance of the statute need not, and should not, be stated in the complaint. Sands v. St. Johns, 36 Barb. 628, which was affirmed in the court of appeals (see 29 How. Prac. 574, note). The statute must invariably be pleaded by the defendant. Code Civ. Proc. § 413. This rule applies to an executor or administrator, quite the same as to a living debtor. Hayden v. Pierce, 144 N. Y. 517, 39 N. E. 638. The only distinction is this: The living debtor may waive the statute, while an executor may not; it is the latter's duty to plead the statute. If he violate that duty, he will not be allowed, in his accounting, any sum paid upon a debt which, at the time of payment, was barred. Butler v. Johnson, 111 N. Y. 212, 18 N. E. 643. There is nothing in the case of Schutz v. Morette, 146 N. Y. 137, 40

N. E. 780, which militates against this rule.    There the facts consti-
tuting the original cause of action against the deceased were not
stated.    The plaintiff simply pleaded the presentation to the execu-
tor of her verified claim against the estate, and relied upon this,
coupled with the executor's subsequent silence, as affecting an ac-
count stated between herself and the estate.    What the court held
was that the executor's inaction with regard to this verified claim
was not an admission of its justice, especially as part of it seemed
to be prima facie barred by the statute, and that, consequently, it
could not, merely because of its retention and the executor's silence,
ripen into an account stated which would bind the estate.    All that
the court said regarding the statute was that any inference of
affirmative assent by the executor was rebutted by the fact that the
claim, on its face, showed presumptively that, in part at least, it
was barred.    Consequently, such consent would have been a viola-
tion of the executor's duty to plead the statute.    In this connec-
tion, Andrews, C. J., referred to the rule that, against a claim so
barred, the executor is bound to plead the statute.    146 N. Y. 137,
40 N. E. 780.    There is not the slightest intimation that the ordi-
nary rule of pleading on this head is inapplicable to claims against
decedents' estates.

The judgment should be reversed, and a new trial ordered, with
costs to the appellant to abide the event.    All concur.