(98 App. Div. 233)

### KAHRS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. GREATER NEW YORK CHARTER—LIABILITY FOR DEBTS OF CONSTITUENT MUNICIPALITIES.

The scheme of Greater New York Charter, §§ 4, 5 (Laws 1897, p. 3, c. 378), that the liability of that city for debts of constituent municipalities shall be only the same as their liability would have been but for the consolidation, so that such a debt will be barred at the time when it otherwise would have been, is not affected by section 8 (page 5), providing for transfer to such city of the property of such municipalities "in consideration of the foregoing provisions whereby the city * * * assumes as aforesaid the valid debts, obligations and liabilities" thereof.

2. ADMISSIONS AT TRIAL—EXTENT—CONSTRUCTION.

The statement at the trial by defendant's counsel that they admit all the allegations in the complaint will not be treated as an admission of absolute liability, despite the statute of limitations; the answer having denied all the material allegations of the complaint; such statement being immediately followed by their statement that they claimed the cause of action was barred by a waiver of jury, and the agreement between counsel that the only question in the case was whether, as a matter of law, the cause of action set forth in the complaint accrued more than six years prior to commencement of the action.

3. LIMITATIONS—ADMISSION.

An acknowledgment of the debt by defendant at the trial does not preclude the defense of limitations.

Appeal from Trial Term, Queens County.

Action by Henry Kahrs against the city of New York. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis Z. Kinstler (Max Friedman, on the brief), for appellant.
James D. Bell, for respondent.

JENKS, J. The sole question tried was whether the statute of six years' limitation pleaded by the defendant applied. The court held with the defendant, and dismissed the complaint upon the merits. On December 31, 1895, plaintiff's indorser received a salary warrant from Long Island City, which was thereafter duly presented for payment, but payment was refused. This action upon the warrant was begun on May 15, 1902. The appellant contends that the consolidation of Long Island City with other municipalities in the formation of the present city of New York created a new obligation on the part of

that city to pay this and all other debts of Long Island City. Such liability arises from legislative enactment, and is measured and limited by the terms thereof. Mt. Pleasant v. Beckwith, 100 U. S. 514, 524, 25 L. Ed. 699; Dillon on Munic. Corp. § 189. I am of opinion that the liability of the city of New York in the premises is that which would have existed against Long Island City if there had been no consolidation. Section 4 of the Greater New York Charter (Laws 1897, p. 3, c. 378) provides that the valid and lawful charges and liabilities of the incorporated municipal or public corporations, which, but for the act, would be charges and liabilities against the same, are to be deemed and taken to be like charges and liabilities against the city of New York, and shall accordingly be defrayed and answered unto by it to the same extent as, and no further than, the said several constituent corporations would have been bound if this act had not been passed. Section 5 provides that the laws creating any debt or debts of the said municipal and public corporations shall remain in full force, and "that the obligations and liability of the city of New York as the successor of municipalities and public corporations consolidated into it, shall be the same as and not otherwise greater than, the respective obligations and liabilities of the several constituent corporations, and that the city of New York shall succeed to all of their rights as well as their obligations and liabilities in respect thereof, except as herein otherwise specially provided." This scheme is not affected by section 8 (page 5), inasmuch as the transfer therein provided for is "in consideration of the foregoing provisions whereby the city of New York, as hereby constituted, assumes *as aforesaid* the valid debts, obligations and liabilities" of the said municipal corporations. (The italics are mine.) If there had been no consolidation, and this action had been begun against Long Island City, clearly it could have pleaded the statute. I find nothing in the statutes which precludes its successor from such defense. Thompson v. Sickels, 46 Barb. 49, 55; Am. & Eng. Ency. of Law, vol. 19, p. 184. The learned counsel for the appellant, in his points, writes: "It is also admitted that when the Greater New York charter went into effect the warrant 'set forth in the complaint was and is a valid debt, existing against the former Long Island City, and now existing against the city of New York,' and that the defendant assumed and became obligated to pay the same. (Fols. 11, 15, 36. Quotation is from defendant's answer at end of folio 15)"—and insists that, "upon these admissions, plaintiff was clearly entitled to the judgment asked for in his complaint." Folio 11 refers to the complaint that "there is now due and owing thereon from the defendant to this plaintiff the sum of $68.21, with interest thereon from January 1, 1896," and:

"Sixth. That in and by the provisions of chapter 378, p. 1, of the Laws of 1897, and the several acts amendatory thereof and supplementary thereto, known as 'The Greater New York Charter,' the said city of New York, the defendant herein, assumed and became obligated to pay the valid debts existing against the former Long Island City, among which was and is this claim."

Folio 15 refers to part of the answer which reads:

"It denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraphs of the com-

plaint marked 'Third,' 'Fourth,' 'Fifth,' and the allegation contained in the paragraph marked 'Sixth,' that the claim set forth in the complaint was and is a valid debt existing against the former Long Island City, and now existing against the city of New York."

Folio 36 refers to the trial, whereof the record reads:

"Defendant's Counsel: We admit all the allegations contained in the complaint of the plaintiff in this action. The only question is, is the claim set forth in said complaint outlawed? We claim it is. Plaintiff's Attorney: I admit that this action was commenced on May 15, 1902. A jury trial was thereupon waived by both parties in open court, and it was agreed between counsel for both sides that the only question in the case was whether, as a matter of law, the cause of action set forth in plaintiff's complaint herein accrued more than six years prior to the commencement of this action."

Thus it will be seen that the defendant denied the material allegations of the complaint, and it is clear enough from the context that the admission in the record was simply designed to dispense with the formal proof of the facts. The record shows that both parties thereupon agreed that the only question was that of law, namely, the application of the statute of limitations, and it cannot be presumed that theretofore, and almost in the same breath, the defendant had admitted absolute liability despite the statute. But even assuming that the defendant acknowledged the debt, that is not enough to preclude it from its defense. In Danforth v. Culver, 11 Johns. 146, 6 Am. Dec. 361, the court say:

"The evidence to take this case out of the statute is that the defendant, when the notes were shown to him, 'admitted that he executed them, but observed that they were outlawed, and that he meant to avail himself of the statute of limitations.' Even if we were to admit the authority of all the adjudged cases on the point in the English courts, we should not think this to be such an acknowledgment of the debt as would authorize the jury to presume a new promise. It was for a long time held in England that an acknowledgment of a debt, without a promise to pay, was not enough to deprive the defendant of the benefit of the statute. * * * In the case of Jones v. Moore, 5 Bin. 573 [6 Am. Dec. 428], the counsel for the defendant, arguendo, observed that, 'if an acknowledgment operated by revival of the original debt, then it would answer, though accompanied by an express refusal to pay, which was contrary to the opinion of the present Chief Justice in Murray v. Tilly, and of Judge Washington in Reide v. Wilkinson.' Tilghman, C. J., in the same case, says: 'When the defendant pleads non assumpsit infra sex annos, and the plaintiff replies assumpsit infra sex annos, how can the issue be found for the plaintiff without proof of a promise, express or implied, within six years?' And Yeates, J., says: 'Where it [the acknowledgment of the debt] is accompanied by circumstances or declarations that the party means to insist on the benefit of the statute, no promise can possibly be implied without violating the truth of the case, and so it has been decided.'"

This case is cited in Allen v. Webster, 15 Wend. 284, 288; Bridge v. Johnson, 5 Wend. 342, 352. See, too, Purdy v. Austin, 3 Wend. 187; Sands v. Gelston, 15 Johns. 511, 519. The statute of limitations affects the remedy. Waltermire v. Westover, 14 N. Y. 16, 20.

The case is not within the rule of Coster v. Mayor, 43 N. Y. 399, and the other cases cited with it. In Coster's Case the city assumed the liability of the state, and covenanted to pay and to indemnify (pages 409, 411). There has been no voluntary act of assumption or any covenant

on the part of the defendant to pay this obligation, and none is to be implied whereby any new contract relation arose between the plaintiff and the city of New York, so that the city could not avail itself of the defense interposed in this action.  Practically, consolidation worked no hardship upon the plaintiff, for the valid debts of Long Island City remained the valid debts of the city of New York, as if consolidation had not been.  We gather from the pleading that the debt became due on December 31, 1895.  The liability was continued and cast upon the city of New York, and there remained for four years, during which time the defense would not have availed this defendant.

The judgment should be affirmed, with costs. · All concur.