(53 Misc. Rep. 462)

### WILLIS v. WILEMAN et al.

(Supreme Court, Trial Term, Nassau County. February 26, 1907.)

1. LIMITATION OF ACTIONS—ACKNOWLEDGMENT—SUFFICIENCY—WRITING.

Where defendant wrote to plaintiff: "I am anxious and willing to pay you when it lies in my power. * * * You have been a good friend to me, and I am willing to show my appreciation. As far as I am concerned, this debt is outlawed according to law, as it is over eight years since I paid you a cent; but I always say an honest debt is never out of date * * *".
—there was a sufficient acknowledgment of the debt to take the case out of the statute of limitations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 599, 600, 610–620.]

2. SAME—TIME OF MAKING.

Letters acknowledging a debt barred by the statute of limitation, though written after the commencement of the action, are competent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 616.]

3. SAME—PLEADING.

In an action for debt, plaintiff is not required to plead facts intended to take the case out of the statute of limitation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 663–666.]

4. SAME.

Defendant, to avail himself of the statute of limitations, must set up his defense by answer, and not demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 670–674.]

Action by one Willis against Arthur Wileman and others. Judgment for plaintiff.

The complaint set forth a cause of action for goods, sold and delivered. The defendant Arthur Wileman interposed an answer containing a general denial and setting up as a defense the statute of limitations. The action was tried before the court without a jury.

Joseph Martin, for plaintiff.

McGuire, Delaney, Niper & Connolly, for defendant Arthur Wileman.

SCUDDER, J. Upon the trial of this action the defendant Arthur Wileman relied solely upon the defense setting up the statute of limitations. The statements contained in the letters of this defendant to plaintiff constitute a sufficient acknowledgment to take the case out of the statute of limitations. The amount or character of the debt need not be expressed, nor is an expressed promise to pay necessary. A recognition of the debt and an admission that the writer is the debtor of the person addressed is all that is necessary. Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Fletcher v. Daniels, 52 App. Div. 67, 64 N. Y. Supp. 861; Cudd v. Jones, 63 Hun, 142, 17 N. Y. Supp. 582. In the letter of February 14, 1906, to plaintiff, defendant states:

"I am writing this to see if we can come to some understanding or arrangement in this affair. I am anxious and willing to pay you when it lies in my power. I have had some great battles to fight since I have been here, and after all I have nothing that I can call my own. You have been a good friend to me, and I am willing to show my appreciation. As far as I am concerned, this debt is outlawed according to law, as it is over eight years since I paid you a cent; but I always say an honest debt is never out of date. * * * I shall not fight this case, for I have nothing now to fight with. It will go by default. If you take judgment, it will be back of all the rest, and it will be worthless."

This is a sufficient acknowledgment of the debt, within the authorities above cited.

It is claimed by defendant that the letters were written after commencement of the action, and that they therefore cannot be considered. Plaintiff was not required to plead in his complaint facts to take the case out of the statute of limitations, either as a part of his cause of action or in anticipation of the setting up of that statute as a defense. Such defense must be set up by answer, and cannot be raised by demurrer. See Code Civ. Proc. § 413; Sands v. St. John, 36 Barb. 628. The acknowledgment in writing, to take the case out of the statute, is only a matter of evidence. See Code Civ. Proc. § 395. The fact that plaintiff acquired the instrument of evidence necessary to refute the defense setting up the statute subsequent to the commencement of the action does not render the instrument incompetent as evidence, or militate against its effect as an acknowledgment by defendant of the debt sued on.

Judgment for plaintiff.