# THE
# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING MAY, 1923

---

CHRISTIAN SCHENCK, Plaintiff, *v.* THE STATE LINE TELEPHONE
COMPANY and Others, Defendants.

Supreme Court, Kings Special Term, May, 1923.

Fraud — election of remedies — when institution of action to recover
damages for fraud precludes later action to rescind the contract.

Where a certain paragraph of the complaint together with the prayer for relief
in a former action clearly establishes that the action was one to recover damages
for fraud in a contract whereby the plaintiff in that action exchanged certain
real estate for bonds of one of the defendants therein, a telephone company,
it must be held that said plaintiff had elected his remedy and the fact that
the action was discontinued after service of an answer pleading the Statute of
Limitations as a defense, is immaterial.

*Held*, also, that the institution of said action precluded the same plaintiff from
maintaining the present action to rescind the same contract for fraud and
defendant's motion for judgment on the pleadings will be granted.

MOTION for judgment on the pleadings.

*Harry G. Stephens* (*Edward E. McCall*, of counsel), for plaintiff.

*Hirsh, Newman & Reass* (*Hugo Hirsh*, of counsel), for defendants.

LEWIS, J. This is a motion for judgment on the pleadings.
The complaint seeks, on the ground of fraud, to rescind an
agreement whereby certain real estate was exchanged for thirty-
three bonds of the State Line Telephone Company.

The motion is founded upon an allegation in the fourth separate
and distinct defense that in June, 1922, an action was brought
by this plaintiff against the defendants, in which the facts were
pleaded as in the present action, and in said action plaintiff sought
to recover damages for the fraud alleged. The reply which was
served pursuant to order admitted that the plaintiff commenced
an action in this court against part of the defendants above named
and that the copies of the complaint and answer which were annexed
were a part of the pleadings in such action. To the former action
a defense of the Statute of Limitations was interposed and the

action was thereafter discontinued! The complaint in the instant case was thereafter served and it is now contended that the claim for damages in the prior action is inconsistent with the present action to rescind.

The Court of Appeals in *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 323, stated: "The remedies for fraud are stated to be (1) an action for deceit in tort; (2) in proper cases an informal rescission of the contract at law, and a recovery of what has been parted with thereunder; (3) in proper cases a formal decree of rescission or cancellation in equity and a recovery of what has been parted with thereunder; (4) a defense against the enforcement of the executory promise induced by the fraud. The election of one of these remedies is a waiver of the others. (Page on Contracts, p. 539, § 339; *Gould* v. *Cayuga Co. Nat. Bank*, 99 N. Y. 333, 337.) " See, also, *Clark* v. *Kirby*, 204 App. Div. 447.

The plaintiff elected his remedy when he commenced the first action. The discontinuance was immaterial. *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292; *Matter of Garver*, 176 id. 386, 394; *Crossman* v. *U. R. Co.*, 127 id. 34; *Terry* v. *Munger*, 121 id. 161, 167; *Conrow* v. *Little*, 115 id. 387.

Plaintiff does not dispute the legal propositions above stated, but urges that the first action is similar to the present action, each being for rescission, and it is urged that the complaints are similar save for the relief demanded.

In order to determine whether the actions are identical recourse must be had to the allegations of the complaints. There is a substantial difference. Paragraph 9 of the complaint in the first action is not found in the present action. That, in substance, alleges that the par value of the bonds is $30,000; that the interest was at the rate of five per cent, payable semi-annually, represented by coupons, each coupon being for $25, and payable on the first days of April and October in each year, and that the payment of interest has been in default since the 1st day of October, 1912, and concluding with the statement: "There is now due on said bonds interest at the rate of five per cent from the first day of October, 1912." The prayer demands judgment for $33,000 with interest from October 1, 1912.

That allegation was most necessary in an action at law to recover damages. It is an unnecessary allegation in an action for rescission which the draftsman of the complaint herein appreciated, for it has been omitted. There can be no doubt that the paragraph referred to, together with the prayer for relief, establishes clearly an action at law for damages and not one for rescission. The present action is concededly in equity for rescission. Even though

it be claimed that the facts pleaded in the former as well as in the present action are identical, it has been held that where the facts support equally an action at law or in equity the character is determined by the relief demanded. *O'Brien* v. *Fitzgerald,* 143 N. Y. 377, 382; *Bacon* v. *Straus,* 86 App. Div. 540, 543.

The first action for damages was based on an affirmation of the contract. The present action is inconsistent with the first, for it treats the contract as a nullity. The institution of the earlier action precludes the plaintiff from maintaining the present action.

Motion for judgment granted.