CHRISTIAN SCHENCK, Appellant, *v.* THE STATE LINE TELEPHONE COMPANY and Others, Respondents.

Second Department, December 14, 1923.

**Election of remedies — election cannot take place unless two remedies actually exist — action to set aside deed on ground of fraud and for accounting — commencement of prior action at law for money damages not election where action at law barred by Statute of Limitations.**

The doctrine of the election of remedies is dependent upon the plaintiff's having two inconsistent remedies between which a choice may be made, and no election can take place unless the two remedies actually exist, and so a mistaken belief

on the part of the plaintiff that he had a particular remedy which did not in fact exist and the fruitless pursuit thereof does not constitute an election.

Accordingly, an action in equity to set aside a deed executed by the plaintiff and to compel the reconveyance of the property to the plaintiff, which action is based upon the fraud of the defendant, is not barred on the ground that the plaintiff had previously elected an inconsistent remedy in that he had, prior to the commencement of this action, instituted an action at law to recover damages for the alleged fraud, which action was barred by the Statute. of Limitations, a defense pleaded by the defendant therein.

YOUNG, J., dissents, with opinion.

APPEAL by the plaintiff, Christian Schenck, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 23d day of May, 1923, granting the defendants' motion for judgment on the pleadings, and also from a judgment dismissing the complaint entered in said clerk's office on the 28th day of May, 1923, pursuant to said order.

*Edward E. McCall* [*Harry G. Stephens* with him on the brief], for the appellant.

*Hugo Hirsh* [*Emanuel Newman* and *Benjamin Reass* with him on the brief], for the respondents.

JAYCOX, J.:

Plaintiff appeals from an order granting a motion for judgment on the pleadings and dismissing the complaint, and also from the judgment entered thereon.

The present action was commenced on January 22, 1923. The complaint alleges that on January 1, 1910, the plaintiff was the owner of certain real property in the village of Easthampton, Suffolk county, N. Y., and that in the month of April, 1910, he exchanged the said real estate for thirty-three bonds of the State Line Telephone Company, each of said bonds being of the par value of $1,000. It is further alleged that prior to the time of this exchange he was informed by the said defendants that the said bonds were a first mortgage lien upon the property of the said State Line Telephone Company of New York, situated at Peekskill, Westchester county, N. Y. The plaintiff alleges that these representations were false and were known to be false by the defendants when they were made for the purpose of deceiving the plaintiff; that in fact the said bonds were not the bonds of the State Line Telephone Company of New York but were the bonds of the State Line Telephone Company of South Dakota, a corporation having exactly the same name, and were not a first mortgage upon the property of the State Line Telephone Company of New York; that the plaintiff relied upon such representations and in reliance thereon made the exchange above mentioned.

The prayer for judgment is that the deed by which the plaintiff conveyed the real estate be declared fraudulent and void; that the defendants reconvey to said plaintiff said premises or such part thereof as is still owned by them and that an accounting be had, and for such other and further relief as may be just.

The defendants answered the complaint, denying the material allegations thereof, and by way of separate defense pleaded the Statute of Limitations, and further set up by way of a fourth separate and distinct defense that the plaintiff, in or about June, 1922, commenced an action in the same court against the above-named defendants, pleading substantially the same facts as alleged in the complaint herein, and that in that first action the defendants answered, pleading as a defense the six-year Statute of Limitations, and that thereafter that case came on for trial and proceeded to the extent of plaintiff's examining one witness; that that action was an action at law to recover damages for fraud, and it is further alleged that by bringing the first action the plaintiff made an election to bring an action at law for damages, and, having made his election, plaintiff cannot now maintain the present action to rescind the contract and get back his property. An order was thereafter made compelling the plaintiff to reply to the fourth separate and distinct defense and this reply was thereafter served. In the reply the plaintiff admits that, in or about June, 1922, he commenced an action in this court against a part of the defendants above named and that the complaint therein and the answer of the defendant Millard, annexed, are a part of the pleadings in such action. A comparison of the defendants named in the two actions shows that the parties were the same except that in the first action the defendant Wilson was sued individually and as trustee in bankruptcy of the State Line Telephone Company, whereas in the present action Wilson is sued individually. The learned court at Special Term held that the plaintiff had made an election of remedies, that he had elected to affirm the contract and sue for damages and that he could not now rescind the contract and recover the property which the defendants obtained under the contract. (121 Misc. Rep. 1.)

The doctrine of the election of remedies is dependent upon the plaintiff having two inconsistent remedies between which a choice may be made. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.* 230 id. 316.) An election cannot take place unless the two remedies actually exist. A mistaken belief that plaintiff had a remedy which did not exist and the fruitless pursuit thereof does not constitute an election. (*Henry* v. *Herrington,* 193 N. Y. 218;

*Benesch* v. *Benesch*, 106 Misc. Rep. 396; *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225.) The remedy by which the plaintiff first attempted to obtain redress was barred by the Statute of Limitations. Did the bringing of that action constitute an election of remedies? Reason and justice naturally dictate the conclusion that a party should not be held to have made an election when no actual choice exists. The pertinent inquiry, therefore, is, did the plaintiff at the time he instituted the first action have the remedy he attempted to pursue, or had that remedy been destroyed by the Statute of Limitations? If that remedy had been destroyed, then the attempted pursuit of it did not constitute an election. The Statute of Limitations does not affect the right, but is a positive bar to the action. It affects the remedy. (*Waltermire* v. *Westover*, 14 N. Y. 16; *White* v. *City of Brooklyn*, 122 id. 53, 60; *Kahrs* v. *City of New York*, 98 App. Div. 233, 235; *Maxwell* v. *Cottle*, 72 Hun, 530; *Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213.) I think it cannot be said to exist for any purpose. It is argued that the remedy still exists for the reason that in order to avail himself of the statute the defendant must plead it. This rule, if it affects the question at all, has now been modified and the question of the statutory bar may be raised by motion. (Civ. Prac. Act, § 30, as amd. by Laws of 1921, chap. 372; Rules Civ. Prac. rule 107.) If it still be necessary to plead the statute, this does not affect the question of the existence of the statutory bar, but the section in question is merely an enactment that by a failure to plead it the statute is waived. That the omission to plead the statute is a waiver and that the trial of the other issues in an action where the statutory bar exists is purely voluntary, is made clear by the fact that an executor or administrator cannot waive the statute, and a debt against the estate he represents which is barred by the statute is no debt. (*Butler* v. *Johnson*, 111 N. Y. 204; *Minzesheimer* v. *Bruns*, 1 App. Div. 324.) It would appear reasonably clear from these decisions that a cause of action upon which the statute has actually run is barred and that it is only by a waiver of the statute that a recovery can be had. This is tantamount to saying the remedy is destroyed and only by consent can an adjudication be had upon the merits. Counsel have called our attention to no case, and I have been unable to find any in this State, bearing upon the effect of the Statute of Limitations upon an election of remedies as presented by this case. I do find, however, that the doctrine of the election of remedies is considered a harsh rule and is not to be extended. It is only applicable where there is by law or contract a choice between two remedies. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291.) In other

States the decisions are conflicting. In Corpus Juris (Vol. 20, p. 25), however, the rule is stated that a party does not have two remedies when one is barred by the Statute of Limitations. It is admitted, however, that there are some decisions inconsistent with this rule. In *Stokes* v. *Wright* (20 Ga. App. 325; 93 S. E. Rep. 27) it was held that where a plaintiff had a cause of action for tort and another for breach of contract arising out of the same transaction, the bringing of an action for the tort was an election which barred an action for the breach of the contract although the first action was barred by the Statute of Limitations, the court saying: " It is of no avail that the Statute of Limitations had already barred the action in tort at the time of the filing of the plaintiff's first suit. His election to sue in tort relates back to the original wrong, and to his rights as they then existed." I cannot agree with this reasoning and it is not in accord with the decisions of this State. The decisions in this State are based upon the plaintiff having two existing remedies at the time of the election. (*Crossman* v. *Universal Rubber Co.,* 127 N. Y. 34; *Georgi* v. *Texas Co.*, 225 id. 410.) In *International Realty & S. Corp.* v. *Vanderpoel* (127 Minn. 89) the decision was to the effect that the institution of an action upon a cause of action which had been lost by laches was not such an election of remedies as would debar the bringing of an action for an inconsistent remedy, which still survived. That decision is in accord with the decisions in this State. (*Strong* v. *Strong*, 102 N. Y. 69.)

The question of the effect of the Statute of Limitations upon the election of remedies was squarely presented in *Tullos* v. *Mayfield* (198 S. W. Rep. 1073), and the Court of Civil Appeals of Texas, having a jurisdiction similar to our Appellate Division, held there was no election of remedies unless the plaintiff actually had two valid, available remedies, and that the bringing of an action barred by the Statute of Limitations was not such an election as would prevent the plaintiff from resorting to a cause of action not so barred.

In *Bistline* v. *United States* (229 Fed. Rep. 546, 548) the United States Circuit Court of Appeals distinctly held " that there can be no election unless two separate and distinct remedies are in existence at the time of the commencement of the suit or action." The first action then under consideration was an equity action to annul a patent and recover the lands patented. The answer showed that all the lands had been conveyed prior to the commencement of the suit. The suit was then dismissed upon the motion of the United States (the plaintiff) and an action brought to recover damages. It was decided that there was no election, as the remedy which the plaintiff first attempted to enforce had ceased to exist. That

action, however, did not involve the Statute of Limitations. That statute, however, came squarely before the United States Supreme Court in *United States* v. *Oregon Lumber Co.* (260 U. S. 290), the holding of that court being that when the defense of the Statute of Limitations was pleaded the plaintiff was then called on to make an election. It could (a) discontinue that action and resort to a cause of action not then barred, or (b) proceed with the original case upon the issues as they then stood. To even this modified application of the doctrine there was a strong dissent upon the ground that there could be no election unless two remedies actually existed at the time the first action was begun. In *Friend* v. *Talcott* (228 U. S. 27, 37) Chief Justice WHITE said, " it is impossible to conceive of a right of election in a case where no such right existed."

As at the time the plaintiff began his first action he had only one valid remedy, his belief that he had another remedy and his attempt to pursue it are immaterial and do not constitute an election, as the remedy did not in fact exist.

I recommend that the judgment and order be reversed, with costs.

KELLY, P. J., RICH and MANNING, JJ., concur; YOUNG, J., dissents and reads for affirmance.

YOUNG, J. (dissenting):

It has many times been stated that two essentials are necessary for the application of the doctrine of election, viz., the party must have two remedies open to him and the remedy in question must be inconsistent with the one invoked.

The argument advanced in the prevailing opinion, as I understand it, is that the plaintiff in reality never had two remedies open to him because the first action brought by him was barred by the Statute of Limitations.

It seems to me that the recent case of *United States* v. *Oregon Lumber Co.* (260 U. S. 290) is an authority against this proposition. Mr. Justice SUTHERLAND, writing for the court on this point, said:

" It is further urged that the judgment of the District Court was not upon the merits but upon the plea in bar and that, therefore, when the equity suit was begun, plaintiff in error had no choice of remedies, since the judgment rendered established that in fact there was no remedy in equity at all. The contention, we think, is unsound. * * *

" Whether based on a plea of the Statute of Limitations or on a failure to prove substantive allegations of fact, therefore, the result of the judgment is the same, viz: that plaintiff has no case; and to hold that plaintiff may then invoke another and incon-

sistent remedy is not to recognize an exception to the general operation of the doctrine of election of remedies but to deny the doctrine altogether. Here, upon the facts as stated in the bill in equity and later in the action at law, both remedies were available to the plaintiff in error. In electing to sue in equity plaintiff in error proceeded with full knowledge of the facts, but it underestimated the strength of its cause, and if that were sufficient to warrant the bringing of a second and inconsistent action the result would be to confine the defense of election of remedies to cases where the first suit had been won by plaintiff and to deny it in all cases where plaintiff had lost. But the election was determined by the bringing and maintenance of the suit, not by the final disposition of the case by the court."

The dissenting opinion maintains the contrary view.

The point actually decided in that case was that the plaintiff having elected one of two inconsistent remedies and having prosecuted the first action to judgment in the face of the defense that the action was barred by the Statute of Limitations, and having been defeated upon that ground, could not thereafter invoke the other remedy. The court stated that " Any decisive action by a party, with knowledge of his rights and of the facts, determines his election in the case of inconsistent remedies, and one of the most unequivocal of such determinative acts is. the bringing of a suit based upon one or the other of these inconsistent conclusions," and then went on to say that " The mere filing of the bill in the first suit, according to many authorities, did not constitute an irrevocable election. But upon ascertaining from their plea that the defendants intended to rely upon the Statute of Limitations, and having knowledge of the facts upon which that plea was founded, and thereafter sustained, the plaintiff in error had fairly presented to it the alternative: (a) of abandoning that suit and beginning an action at law or transferring it to the law side of the court and making the necessary amendments to convert it into an action for damages, as a ' mere incident in the progress of the original case,' [*Friederichsen* v. *Renard*, 247 U. S. 210]; or (b) of proceeding with the original case upon the issues as they stood. The plaintiff in error deliberately chose the latter alternative. If the election was not final before, it became final and irrevocable then."

These statements are an expression of the view that an election once made by a party may be withdrawn or revoked if not pursued too far, but I think the law on this point is settled to the contrary in the courts of this State. In *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.* (230 N. Y. 316, 325) it is said: " When one

takes legal steps to enforce a contract, this is a conclusive election not to rescind. (*Conrow* v. *Little,* 115 N. Y. 387.) The converse is also true, so that one who commences an action to rescind has made his election and cannot maintain an action on the contract. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61.) " (See, also, *Whalen* v. *Stuart,* 194 N. Y. 505.)

I, therefore, vote to affirm the judgment and order appealed from.

Judgment and order reversed upon the law, with costs.