CHARLES F. HOFFMAN, Plaintiff, *v.* ARMIN H. MITTLEMANN, Defendant.

City Court of New York, County of New York, April 25, 1933.

*Stanley I. La Cov*, for the plaintiff.

*Arthur C. Mandel*, for the defendant.

KAHN, J. Dismissal of the complaint is sought on the following grounds: (1) That it fails to state facts sufficient to constitute a cause of action; (2) that causes of action have been improperly united; (3) that the court has no jurisdiction over the subject-matter of the action, and (4) that the suit is barred because it was not commenced within the time limited by law for the commencement of an action upon the debt set forth in the complaint.

Two causes of action are pleaded. The first alleges that plaintiff and defendant agreed to purchase a certain money judgment for $5,000, one-half of which sum was to be paid by each party, and that the proceeds of said judgment were to be divided equally between them; that plaintiff paid $2,500 and defendant paid $500 toward the purchase price and that plaintiff, at defendant's request and upon his promise to repay same, advanced in behalf of defendant the sum of $2,000, the balance of the purchase price; that repayment of said sum, though duly demanded, has not been made. The second cause of action reiterates the allegations of the first, and in addition alleges that defendant collected the sum of $7,150 on the judgment and paid to plaintiff $3,000, leaving a balance due plaintiff of $575, which sum was collected by defendant on or before February 17, 1924.

These allegations on their face show the existence of two causes of action in plaintiff against defendant. The first is on contract; the second in assumpsit for money had and received. These actions are properly joined in the same complaint. (Civ. Prac. Act, § 258.) The fact that causes of action have been improperly united is not ground for dismissal. (Rules Civ. Prac. rule 102; *New Amsterdam Casualty Co.* v. *Mobinco B. Co., Inc.*, 219 App. Div. 486.) Although the second cause of action is one arising out of the joint venture of the parties, it is not necessary that the plaintiff resort to equity for an accounting before instituting suit in a court of law to recover his share of the profits of the adventure. Though it is the general rule that one partner cannot maintain an action at law against his copartner for any matters connected with the partnership affairs until there has been a final settlement of the

account between them, in cases of a joint adventure where the agreement is merely to share the profits of a single transaction and there is no necessity of adjustment of joint debts and mutual accounts, an action at law may be maintained by one of the adventurers against the other to recover his proportionate share of the profits of the venture. (*Burleigh* v. *Bevin*, 22 Misc. 38; *Felbel* v. *Kahn*, 29 App. Div. 270; *Teall* v. *Roeser*, 206 id. 371, 373.)

The objection that the suit is barred because not commenced within the time limited by law for the commencement of an action upon the debt alleged to be set forth in the complaint is not tenable. In the first place, two separate causes of action are alleged and it does not appear whether the motion is directed to the first or second, or to both. In any event, the objection cannot be sustained. It does not appear on the face of the complaint that the first cause of action is one barred by the statute. With respect to the second cause of action, though it would seem from the allegation respecting the date when the amount sought to be recovered was collected by defendant and was due and owing to plaintiff, that the action is one within the statute, yet plaintiff is not required to plead in his complaint facts taking the case out of the statute either as part of his cause of action or in anticipation of the setting up of the statute as a defense, for even though *prima facie* the cause is barred by the statute, the question of whether it is conclusively barred depends upon the proof offered by plaintiff in avoidance. This is a matter of evidence and not of pleading, for no duty devolves upon plaintiff to set up in his complaint anticipatory matter in avoidance of the statute. (*Willis* v. *Wileman*, 53 Misc. 462; *Minzesheimer* v. *Bruns*, 1 App. Div. 324.) Furthermore, motions to dismiss a complaint where the defect appears upon the face thereof, are limited to the defects specified in rule 106 of the Rules of Civil Practice, and the ground here urged is not within such specifications. Nor is rule 107 available to defendant, for no affidavit is submitted as required by its provisions.

Motion for reargument granted, and upon such reargument motion denied, except that the order entered herein on March 22, 1933, is resettled so that the same shall read: Motion denied. The defendant is allowed six days after service of a copy of this order with notice of entry to serve an answer. Order signed.