JOHN SANTASIERI, Plaintiff, *v.* LOUIS CRANE and Others, Defendants.

Supreme Court, Special Term, Kings County, October 7, 1940.

*Raymond T. Brown,* for the plaintiff.

*Hyman A. Hochman,* for the defendant Abraham Berris.

*Harvey Kurlan,* for the defendant Anna Crane.

*John J. Bennett, Jr., Attorney-General,* for the People of the State of New York.

DALY, J.   On January 2, 1914, the collector of assessments and arrears in the department of finance of the city of New York duly sold, at a public auction, to one Harry Zirinsky, the right of the city of New York to receive taxes, assessments and water rents which became a lien on certain premises prior to the 2d day of January, 1914, including interest and charges. The aggregate amount of the tax lien thus sold was $29.31. Subsequently, the said collector of assessments and arrears executed and delivered to the said purchaser a transfer of tax lien affecting the property in question. Thereafter, on December 1, 1936, the said purchaser of the tax lien duly assigned and transferred it to one Selma Katz, which assignment was duly recorded on April 6, 1937. A further

transfer to one Alton W. Snyder was likewise recorded on April 6, 1937. Thereafter, on August 18, 1939, the plaintiff acquired the tax lien from the said Alton W. Snyder, and the assignment thereof was duly recorded on August 31, 1939.

Alleging that there has been a default in the payment of interest on July 1, 1914, and for thirty days thereafter, and that plaintiff has never received interest on principal since the assignment of the transfer tax lien to him, plaintiff has elected to declare the entire amount thereof due and payable, together with interest at the rate bid from the date of the said sale, to wit, twelve per cent, and commenced an action to foreclose the said tax lien on August 19, 1940.

It is the position of the moving defendant herein that under section 1032 of the Greater New York Charter, in effect at that time, the aggregate amount of the tax lien became due three years from the date of the sale, or on January 2, 1917, and that inasmuch as the summons and complaint herein were not served until August 19, 1940, or after the lapse of a period of more than twenty-three years, this action is barred.

The plaintiff, opposing this motion, urges that the cause of action herein is not limited by any period of limitation inasmuch as under sections 1017 to 1051 of the Greater New York Charter, all taxes, assessments and water rents, with interest and charges thereon, " shall continue to be, until paid, a lien," and that the plaintiff, as assignee of the city of New York for the collection of the taxes for which the tax lien was sold, is entitled to all the rights of the city in respect thereto, and as to him likewise, therefore, the lien continues " until paid."

Section 1035 of the Greater New York Charter, as amended by section 1 of chapter 65 of the Laws of 1911, provided in part as follows: " Except as otherwise provided in this title an action to foreclose a tax lien shall be regulated by the provisions of the Code of Civil Procedure and by all other provisions of law, and rules of practice applicable to actions to foreclose mortgages on real property."

The defendant contends that under this provision, the Statute of Limitations appropriate to the foreclosure of a mortgage on real property is applicable here.

The plaintiff, on the other hand, urges that this provision applies solely to procedural matters in reference to the foreclosure of a tax lien, and has no bearing on the period of limitation, which is a substantive right.

I cannot agree with this view. The period of limitation relates to the remedy and not to the substantive right. In *White* v. *City of Brooklyn* (122 N. Y. 53, 60) the court said: " The Statute of Limitations has relation to the remedy only, and while it might be available to defeat the remedy it would not affect or curtail the lien of a valid sale." And in *Schenck* v. *State Line Telephone Company* (207 App. Div. 454, 457) it was stated: " The Statute of Limitations does not affect the right, but is a positive bar to the action. It affects the remedy [citing cases]."

In *Orr* v. *Remsen* (not reported), cited in *Matter of Sheldon* (133 Misc. 733), Judge CULLEN said: " ' These outstanding tax titles are therefore valid objections unless they are plainly barred by the statute of limitations. The lien of a tax or assessment is lost by the lapse of twenty years. (*Fisher* v. *Mayor*, 67 N. Y. 73.) That the rights under a sale for an unpaid assessment are barred by the lapse of twenty years is recognized by the Court of Appeals in *Jenkins* v. *Fahey* (73 N. Y., opinion at pp. 364, 365). The sale stands in a different position from a tax. The purchaser at a tax sale under our city charter is not entitled to a deed or lease until after the lapse of two years and the statute does not begin to run until that time. Hence the purchaser has twenty-two years from the date of the sale. I think after the lapse of that period his rights are barred.' "

Accordingly, the Statute of Limitations applicable to the foreclosure of mortgages must be applied here, in consequence of which I am constrained to hold that the action is barred by the lapse of more than twenty years since it accrued on January 2, 1917.

The motion is granted. Submit order.