FRICK COMPANY, Plaintiff, *v.* CENTRAL ICE COMPANY, INC., et al., Defendants.

Supreme Court, New York County, September 3, 1943.

*Lloyd B. Kanter* for Central Ice Company, Inc., defendant.

*Leon Lauterstein* and *George Siegel* for plaintiff.

O'BRIEN, J.   Motion to dismiss complaint as against Central Ice Co., Inc., under subdivision 5 of rule 106 of the Rules of Civil Practice, for legal insufficiency, and for other relief under rules 90 and 103, is in all respects denied.   The complaint alleges sufficient facts to indicate a liability of the defendant to plaintiff under the Administrative Code of the City of New York (L. 1937, ch. 929), as well as under common law and the Constitution to be applied here.   " If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied." (*Condon* v. *Associated Hospital Service*, 287 N. Y. 411, at 414; pleading held to be legally sufficient.) The point raised by defendant of Statute of Limitations cannot be considered under any of the rules moved on, but if there be a real claim in that regard it takes an affirmative defense to present it or a motion under subdivision 6 of rule 107 for judgment, but that relief is not available on this motion. (*First National Bank* v. *American Surety Co.*, 239 App. Div. 282; *Hoffman* v. *Mittlemann*, 147 Misc. 442.)   The contract herein makes it an obligation of the defendant to reimburse plaintiff for the sales taxes imposed on and paid by plaintiff. (*Matter of Atlas Television Co.*, 273 N. Y. 51.)   The defendant urges that the tax is not imposed on the seller or the property.   No matter how fine a distinction the defendant endeavors to spin herein, there can be no dispute that the New York City sales tax has been imposed upon the seller, whether " directly or indirectly " (Administrative Code of the City of New York, § N41–1.0, definition 7; L. 1937, ch. 929; amd. Local Laws, 1943, No. 18 of City of New York), and that this tax has been imposed, as stated in the contract, " with respect to the * * * price to be paid " for the machinery.   Section N41–2.0 of the Admin-

istrative Code specifically imposes the sales tax " upon the amount of the receipts " of the sale of tangible personal property. It cannot be denied that " the price to be paid " for the machinery is the same as the " amount of the receipts " of the sale, upon which the tax was based. This tax was imposed on and paid by the plaintiff as seller. The defendant unequivocally covenanted to repay the amount of such tax to the plaintiff, and this may be recovered in this action by the plaintiff. The fact that different grounds for the defendant's liability, alleged in the complaint, exist, does not constitute different causes of action. Where such a situation exists the extent of liability is not subdivided into separate causes. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287.)

The pleading in its present form is proper, it does not require separate causes to be alleged (rule 90) nor does it contain any matter which may be stricken out under rule 103.